Mr. Justice SHAFTER expressed no opinion.

JOHN M. BROWN *v.* CHARLES MARTIN, JULIANA MORELTA, AND WILLIAM ROBSON.

COMPLAINT—AMBIGUITY OR UNCERTAINTY IN.—A complaint in ejectment which avers that on a day named "the plaintiff was, and ever since has been, and *still is* the owner in fee simple, seized and possessed," etc. * * *. "That" on a day thereafter named, "and while the plaintiff was so the owner in fee simple, seized and possessed, defendants entered and ousted him, and from thence hitherto have and still do withhold the same," etc., is good, unless demurred to on the ground that it is ambiguous, unintelligible, and uncertain.

DEMURRER—STATUTE OF LIMITATIONS.—The defense of the Statute of Limitations cannot be made by a demurrer which states in general terms that the complaint does not state facts sufficient to constitute a cause of action.

SAME.—In order to enable a party to avail himself of the defense of the Statute of Limitations by demurrer, the statute should be distinctly stated in the demurrer.

APPEAL from the District Court, Seventh Judicial District, Marin County.

This action was commenced on the 26th day of January, 1863. The complaint alleged that the ouster took place on the second day of January, 1858.

Defendant Martin demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer. The defendants then filed the following answer:

" The said defendants, for answer to the allegations of the complaint in this cause, say, that the said Plaintiff is not and

never was the owner in fee simple, or otherwise, nor is he nor was he ever seized or possessed of the land described in the complaint in this cause, or any part thereof. The defendants do not deny that they have occupied and possessed the said lands as alleged in the complaint, and they allege that they, the said defendants, own and are entitled to the possession of said land."

The pleadings were not sworn to.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*A. T. Wilson*, for Appellants.

This Court has held and decided, some half dozen times, that when the complaint shows that the Statute of Limitations has run against the claim sued on, the objection may be raised by demurrer.

If it can be raised by demurrer, it must be under subdivision six of section forty of the Practice Act, for it can come in under no other head, if, when the complaint itself shows that the statute has run, that objection may be raised under subdivision six of section forty, then the objection is not waived by a failure to take it in that way, but may be raised either by motion in arrest or on appeal.

We might, we suppose, rest with safety on the repeated decisions of this Court upon the point, especially under the decisions of this Court in *Ellison* v. *Halleck*, 6 Cal. 386, (see last clause of opinion, found on page 394,) but will offer a few suggestions showing, as we think, not only that the objection *may* be taken by demurrer when the complaint shows that the statute has run, but that, consistently with the provisions of our Practice Act, it can only be taken by demurrer, motion in arrest, or appeal. We cannot under our statute, as at common law, plead *any* matter showing a default, but are restricted (see section 46) to, first, a denial of the allegations of the complaint; and second, to a statement of *new* matter constituting

a defense. One of the main ends intended to be obtained by our code, was brevity, and as a means, the avoidence of repetition, especially in pleading; and hence, the limitation in answering to denials and allegations of *new* matter in avoidance; for what good end could be attained in setting out in the answer the very matter alleged in the complaint?

When the statute has run, but the complaint is so drawn as not to show that fact, then allegations in the answer showing the running of the statute, would be properly *new* matter. New matter is that which the complaint does not touch upon. It is that matter the burden of proof of which lies in the defendant. (*Bridges* v. *Paige*, 13 Cal. 640; *Percy* v. *Sabin*, 10 Cal. 22; *Glaziee* v. *Clift, Id.*) Third—By this standard, any allegations in our answer of facts showing that the statute had run, would not be new matter, for those facts *are* set out in the complaint, and the defendant would not have had to prove them. See *Hentsch* v. *Porter*, 10 Cal. 558, where the limitation in answering to *new matter* is distinctly and emphatically stated. The complaint should be looked upon as the careful, deliberate, and well considered statement of the facts of the plaintiff's case, and when not distinctly and positively denied, they are taken to be true, and a point of departure in the investigation of the cause. When, then, facts are required to be set out, and when so set out and uncontradicted are for every purpose to be taken as true, then we ask the necessity or the sense of requiring the defendant, or even *permitting* the defendant, in order to have the benefit of such facts, to set them out in his pleading?

It seems clear to us that if a defendant were to set up in his answer a fact distinctly set out in the complaint, the Court, on motion, would order it to be stricken out as irrelevant or redundant. On motion to strike out matter from an answer as irrelevant or redundant under section fifty-seven of the Practice Act, what is the test by which the question of irrelevancy or redundancy is tried? Is it not this: whether it *denies* any allegation of the complaint, or confesses and avoids it? Would it not be a queer way for a defendant to take

advantage of a distinct and substantive defense which the complaint itself shows for him, to deny, or confess and avoid it, that the defendant is restricted either to denying or confessing and avoiding in pleading? (See Practice Act, sec. 46, and *Percy* v. *Sabin*, 10 Cal. 27.)

It was said, and a case was cited on the oral argument to show, that a different rule holds in New York. On examination since, we have found that their law *sustains our view.* Our Practice Act in relation to pleading is a transcript of the New York code, except that in New York there is a distinct provision in the code that the defense of the Statute of Limitations must be set up in the answer. The inference is obvious, that the codifiers and Legislature understood that without such a provision such defense need not or would not be so taken. (See New York Code, Voorhies' edition, sec. 74, page 64.) Again: our practice is a purely statutory one, and every question of practice must be tried by the provisions of the Practice Act. This is pointedly enacted by statute, (see Practice Act, sec. 37,) when it is said, that " all the forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings shall be determined, shall be those prescribed by this Act;" (and see *Payne* v. *Treadwell*, 16 Cal. 243.)

Now, our Practice Act makes no distinction between the Statutes of Limitation and any other defense; and hence, the practice being uniform, if we must plead the statute in order to take advantage of it when the complaint shows that it has run, we must also plead any other and every other defense to have the advantage of it, even when the complaint shows the defense to exist; and as our practice is uniform, if we are bound to plead the statute at law, we are equally so in equity.

*George Cadwalader*, for Respondent.

In *McDonald* v. *Bear River Company*, 13 Cal. 238, it was held that " the question of the Statute of Limitations cannot be raised on appeal, *unless presented in some form on the trial below, even though it be pleaded.*"

Upon the merits of the question, we say No; because we

do not believe that a demurrer, to the effect that the complaint does not state facts sufficient to constitute a cause of action, properly raises the question whether the Statute of Limitations is a bar to an action for the recovery of the possession of a tract of land.

The decisions of this Court have avoided land cases, and are confined to actions upon written contracts; and yet the last decision of this Court, which was in *De Uprey* v. *De Uprey*, 23 Cal. 352, it was held that to raise the bar of the statute required a special demurrer.

The allegation of *seizin* and ouster in a complaint in ejectment are not required to be proved as made; and whatever their date, they are considered as supported by proof of title in plaintiff and possession in defendant, at any time before commencement of suit.

Thus, in *Stark* v. *Barrett*, 15 Cal. 365, Mr. Chief Justice Field said: "The variance between the date of the alleged seizin and right of possession of the plaintiff on the 1st day of January, 1857, and the date of the conveyance to him, May 22d, 1858, is immaterial—the latter being previous to the commencement of the action. In our practice, to enable the plaintiff in ejectment to recover, it is only necessary to establish his right of possession and the occupation of the defendant at that time."

In *Yount* v. *Howell*, 14 Cal. 465, it was said: "The variance between the date of the alleged seizin and possession of the plaintiff in the complaint, January 1st, 1852, and the date of the patent, December 18th, 1857, is of no consequence—the latter being previous to the commencement of the action—and the motion for a nonsuit on that ground was properly denied. The rule of the common law in relation to the proof of a legal estate, and the right of entry at the date of the demise laid in the declaration, has no application under our system. The action of ejectment at common law proceeded upon a fictitious demise; and hence, it became necessary to show title in the lessor of the plaintiff at the date of the alleged demise. In our system the fiction has no existence;

in our practice it is sufficient if it appear that the plaintiff was entitled to the possession of the premises at the commencement of the action, and the date of the alleged seizin or possession and ouster become material only when the question of *mesne profits* is involved."

And so it appears that the date of the seizin and ouster in our complaint are not material facts; for in contemplation of law they only mean that before the commencement of the suit that we had the right to the possession of the demanded premises.  This being so, it is evident that the Statute of Limitations cannot take its base of attack from them; and hence, we say that the complaint is good.

The rule of pleading and of evidence is different in actions upon written contracts, whose date must be proved as alleged.

The Court, in *Barringer* v. *Warden*, 12 Cal. 311, took a departure from the established rule of decision, when it held that our practice was in closer assimilation to the practice in Courts of equity than those of common law, and thereupon holding that inasmuch as in Courts of equity the bar of the Statute of Limitations could be invoked by demurrer, the same could be done under our system in law cases.

If they were correct in their premises, they certainly meant to carry the rule to its logical conclusion, and did not intend that it might be raised by a general demurrer, which failed to state or allude to the Statute of Limitations.

A demurrer in equity was required to state the particular ground of objection.  (Adams' Eq. p. 691.)

The Statute of Limitations is nothing more or less than a personal privilege, which, if not set out in precise terms and insisted upon, is waived.  It is a kind of a personal exemption. from a debt or legal duty given by statute.  When pleaded, it goes in abatement of the action; and here, it may be observed, that all the decisions of this Court appear to have overlooked the fourty-fourth section of the Practice Act, which declares: "When any of the matters enumerated in section forty do not appear upon the *face of the complaint*, the objection may be taken by answer."

The face of our complaint shows a cause of action; therefore the objection thereto raised under section forty does not apply. It is the back of the complaint, not its face, that shows the point made by appellant's counsel.

By the Court, SANDERSON, C. J.

This is an action of ejectment, and the appeal stands upon the judgment roll alone. Two points are made by counsel for appellant:

First—That it appears upon the face of the complaint that the plaintiff was in possession of the premises in controversy at the time the action was commenced.

Second—That the complaint does not state facts sufficient to constitute a cause of action.

I. The allegations of the complaint are: "That on the 1st day of January, 1858, the said plaintiff was and ever since has been, and still is the owner in fee simple, seized and possessed, etc. * * * That on the 2d day of January, 1858, and while the plaintiff was so the owner in fee simple, seized and possessed, defendants entered and ousted him, and from thence hitherto have and still do withhold the same, etc."

It is true, as claimed, that the foregoing allegations show that the plaintiff *is still possessed* of the premises; but the learned counsel for appellant must see that they also show that the plaintiff was dispossessed on the 2d day of January, 1858, by the defendants, who have ever since withheld possession. All that need be said upon this point is, that had counsel interposed a demurrer to the complaint in the Court below on the ground that the same was ambiguous, unintelligible, and uncertain, it is possible the Court would have sustained the demurrer, in which event the plaintiff would have been allowed to amend so as to remove the ambiguity. No demurrer was interposed for this cause, and under the forty-fifth section of the Practice Act the objection is deemed to have been waived. It is, therefore, *too* late *to* make the objection *for* the first time in this Court.

II. It is next claimed that under a demurrer which merely states in general terms that the complaint does not state facts sufficient to constitute a cause of action, the defense of the Statute of Limitations may be made. The late Supreme Court held, in several cases, that the defense of the Statute of Limitations could be interposed by demurrer, and the ground of the decision was, that the pleadings under our system more nearly assimilate equity than common law pleadings under the former system, and that in equity the defense of the Statute of Limitations could be made by demurrer. In a demurrer to a bill in equity, under the former system, it was usual to state, in addition to the cause of demurrer, the particular grounds upon which the alleged cause was based; and if the Statute of Limitations was relied on as a cause of demurrer, it had to be specially so stated. Nor could the aid of the Statute of Limitations be invoked by demurrer unless it appeared upon the face of the bill that the cause of action was barred. The form of demurrer under the old chancery system runs thus: " This defendant doth demur in law to the said bill, and for cause of demurrer showeth that it appears by the said bill that, etc."—stating the ground upon which the defendant relies.

It was undoubtedly the design of the framers of the new system to make the pleadings conform, so far as possible, to the old chancery, rather than the common law forms, for the obvious reason that the former are better adapted to the new system, which requires the pleader to state the facts constituting his cause of action or defense in ordinary and concise language. (Practice Act, sections thirty-nine and forty-six.) This design is further apparent from the fortieth, forty-first, and forty-fourth sections of the Practice Act. The fortieth states the several causes for which the defendant may demur, provided they appear upon the face of the complaint. If they do not appear upon the face of the complaint the forty-fourth section provides that they may be stated in the answer. But whether stated in the demurrer or in the answer, the forty-first section provides how they shall be stated, and requires

the grounds, not the causes or objections, to be distinctly specified. Whether the causes of demurrer enumerated in section forty are assigned in a demurrer or in an answer, their legal character is the same, and they are matters of demurrer strictly. Dilatory pleas, *eo nomine,* are unknown to our system. Such pleas are, in our system, made causes of demurrer, and when relied on the grounds upon which they are founded must be distinctly stated, without regard to where or in what pleading the objection is interposed. That is to say, when a cause of demurrer is assigned, the reason or the ground of it must also be stated. For example : " The defendant demurs to the complaint for the following causes appearing upon the face thereof, to wit : First—The Court has no jurisdiction of the subject matter of the action, because the amount in controversy is less than three hundred dollars, to wit : one hundred dollars. Second—The plaintiff has not legal capacity to sue, because he is less than twenty-one years of age, to wit : eighteen years. Third—The complaint does not state facts sufficient to constitute a cause of action, because the cause of action therein alleged has not accrued within five years next preceding the filing of said complaint." Such is the form of demurrer contemplated by our system of pleading, and such was the usual, though, perhaps, not always absolutely necessary form in the old chancery practice. To the extent of making it absolutely necessary, our system has improved on the old, by providing that the demurrer may be disregarded unless the grounds are specified as above.

The forty-fifth section provides that unless the causes of demurrer are assigned in the foregoing manner, either by demurrer or answer, they shall be deemed waived, except the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. These excepted objections may, therefore, be made at any stage of the proceedings ; but when made, they are to be made in the manner and form prescribed by the forty-first section, for that section refers to all causes of demurrer, and makes exception in favor of none. These two objec-

Brown *v.* Martin *et als.*

tions may be taken *in limine*, or in support of a motion for a nonsuit, or in arrest of judgment, or on appeal; but whenever taken, and wherever taken, they should be taken as provided in sections forty and forty-four; and the grounds of the objection should be stated, as provided in section forty-one, under penalty of being disregarded as therein provided.

The forty-first section reads as follows:

"SEC. 41.  The demurrer shall distinctly specify the grounds upon which any of the objections to the complaint are taken. Unless it do so it may be disregarded."

We are aware that the foregoing section has been practically ignored heretofore, and it has been held sufficient to state the causes of demurrer, in the general terms prescribed in the fortieth section.  Admitting that a rule of practice, so long followed and sanctioned by the Courts, ought not to be disturbed, we still think that it should be restricted in its operation, rather than extended.  To say the least, the last clause in the forty-first section places it in the discretion of the Court to say whether a demurrer which does not distinctly specify the grounds of the objection shall be disregarded. Therefore, in view of the practice which has prevailed heretofore, we do not hold that it is necessary to specify the grounds of the objections in all cases, but we do hold that if it is not done it is in the discretion of the Court to disregard the demurrer; and this Court will not entertain a question on demurrer founded upon the Statute of Limitations, unless the statute be distinctly stated in the demurrer, and unless that demurrer be interposed in the Court below.

In conclusion, we recommend to the profession the practice suggested in this opinion.

Judgment affirmed.

Mr. Justice SAWYER delivered the following dissenting opinion, in which Mr. Justice SHAFTER concurred.

While we admit that the law *ought* to require a party who

relies upon the Statute of Limitations to specifically point out this objection in his demurrer, we feel compelled to dissent from the conclusion reached in the second point of the prevailing opinion in this case, on the ground that the construction of the provision of the Practice Act relating to demurrers appears to us to have been long since settled the other way.

Sections forty and forty-one of the Practice Act are, in respect to the point under consideration, substantially the same as sections one hundred and forty-four and one hundred and forty-five of the New York code. Under those provisions it was held by the Supreme Courts of New York at a very early day, and before their adoption in California, that it was a sufficient specification of the sixth ground of demurrer to state, in the language of the Act, "that the complaint does not state facts sufficient to constitute a cause of action." And this construction was approved and established by the Court of Appeals of New York as early as 1851. (Haine v. Baker, 1 Seld. 359.)

As long ago as October, 1856, the question was raised in this State, and the Supreme Court, after intimating that as an original question they might, perhaps, have given a different construction to the provisions under consideration, held that as the Courts of this State had adopted and followed the construction of the Courts of New York, they would not change it. In discussing the question the Court say : "In mere matters of practice involving no principle, it would be safer to acquiesce in a rule which has been established for several years in the inferior Courts of this State, the abrogation of which might introduce confusion and operate hardly on litigants." (3 Cal. 394.) It is now nearly eight years since that decision was announced, and we are not aware that it was ever afterward questioned by the late Supreme Court. The reasons then given operate with much greater force now, after the construction has been so long acquiesced in by the highest Court in the State. As a general proposition, the Court do not now propose to overrule this construction. But it seems to us that the conclusion reached does overrule it, as to a particular class of cases. It has been held in a number of instances that the

defendant may take advantage of the Statute of Limitations by demurrer, when it appears on the face of the complaint that the cause of action is barred. If so, the objection to the complaint on this ground must fall under the sixth subdivision of section forty: "That the complaint does not state facts sufficient to constitute a cause of action." We do not perceive any satisfactory ground upon which the Court can make a distinction between the ground of demurrer we are now considering and any other falling under the same head, where the statute itself does not seem to us to have made any. If the Court in its discretion may make one exception, we do not see why it may not another; and thus by extending the exercise of this discretion, overrule the previous decisions upon the provisions under consideration as to every case. With due deference to the opinion of our associates, we are unable to regard the case as one for the exercise of a judicial discretion. It seems to us to be a question of construction; and when the construction has been once settled, and for a long time acquiesced in, it becomes practically a part of the statute itself; and it ought not, in our opinion, to be changed except by legislative action. For these reasons we dissent.