[No. 9147.    Department One. — January 27, 1886.]

ELIZA CAMERON, Respondent, v. THE CITY AND
COUNTY OF SAN FRANCISCO, Appellant.

Statute of Limitations — Objection how Taken — Pleadings. — Where
it clearly appears upon the face of the complaint that the cause of action
is barred by the statute of limitations, the objection may be taken by
demurrer; otherwise it must be taken by answer.

Id. — Judgment — Appeal — Presumptions. — On an appeal from a judg-
ment in favor of the plaintiff, where there is no statement or bill of
exceptions in the record, all presumptions are in favor of the judgment,
and it will be presumed that the cause of action was not barred by the
statute of limitations before the commencement of the action.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion.

John L. Love, for Appellant.

D. H. Whittemore, for Respondent.

Searls, C.—This is an action for damages alleged to
have accrued to plaintiff's bakery by reason of sewage
flowing upon the premises surrounding her house, and
into the basement of the bakery.

The jury found a verdict for plaintiff, and assessed her
damages at fifteen hundred dollars.

The appeal is from the judgment alone, and the case
must be determined by the judgment roll.

The principal question that arises is, whether plaintiff's
cause of action is barred by subdivision 1 of section 339
of the Code of Civil Procedure. It cannot be gathered
from the complaint when the injury sustained by plain-
tiff actually occurred, beyond the fact that it was after
the beginning of the year 1877, and before suit was
brought. The original complaint is not set out in the
record, and there is no certificate or showing from
which it can be determined when the action was in fact
commenced.

There was a demurrer interposed to the complaint, but it was not therein set out that plaintiff's claim was barred by the statute of limitations. The answer set up as a defense, that the claim was barred by the provision of subdivision 1 of section 339 of the Code of Civil Procedure.

When it clearly appears upon the face of the complaint that the statute has run, the objection may be made by demurrer. (*Ord* v. *De la Guerra*, 18 Cal. 75; *Barringer* v. *Warden*, 12 Cal. 314; *Miles* v. *Thorne*, 38 Cal. 335.)

Where it does not appear by the complaint, the objection must be taken by answer, as was done in the present case.

There is no statement or bill of exceptions in the record, and in such case, on appeal, all the presumptions are in favor of the judgment, and we must presume there was testimony showing that plaintiff's cause of action accrued within two years next before suit was brought. (*Miles* v. *Thorne*, *supra*.)

For anything that appears in the record, the original complaint may have been filed in 1877.

The complaint, though inartificially drawn, states facts sufficient to constitute a cause of action, and assuming, as we must, that there was evidence to sustain its allegations, and to show that the damage accrued within two years before suit brought, we can see no good cause for reversal, and the judgment of the court below should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.