[No. 9829. Department One. — June 16, 1887.]

JOHN H. WISE ET AL., APPELLANTS, v. J. E. P. WILLIAMS ET AL., RESPONDENTS.

COPARTNERSHIP — CONTRACT EXECUTED IN NAME OF — ESTOPPEL TO DENY FIRM RELATIONSHIP. — In an action to enforce a promissory note executed to the plaintiffs as a copartnership, neither the makers of the note nor their personal representatives can dispute the firm relationship.

ID. — PLEADING — AVERMENT OF PARTNERSHIP RELATION — STATEMENT IN CAPTION OF COMPLAINT. — In an action by a partnership, a showing in the caption of the complaint that the plaintiffs are partners is not indis-

pensable, if in the body of the complaint it be specifically averred that the plaintiffs are in fact partners, and it appear from the facts alleged that the obligation sued on was created in favor of the partnership.

ID. — ACTION AGAINST EXECUTOR OR ADMINISTRATOR — AVERMENT OF REPRESENTATIVE CHARACTER. — In an action against an executor or administrator, the complaint need not allege the facts showing how the defendant became invested with his representative character; an allegation that he is the executor or administrator is sufficient.

ID. — ESTATE OF DECEDENT — ACTION TO FORECLOSE MORTGAGE AGAINST HOMESTEAD — STATUTE OF LIMITATIONS. — Under section 1569 of the Code of Civil Procedure, an action against the estate of a deceased person to foreclose a mortgage on a homestead is not affected by the statute of limitations pending the proceedings for the settlement of the estate, when the mortgage and the note secured thereby have been presented to the administrator of the estate and to the judge, and allowed by them.

ID. — DEFENSE OF STATUTE OF LIMITATIONS HOW RAISED — DEMURRER. — The defense of the statute of limitations cannot be taken by a demurrer to the complaint, unless it clearly appears therefrom that the plaintiff's cause of action is barred. If it do not so appear, the defense must be raised by answer.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

*Edward P. Cole*, and *E. Jackman*, for Appellants.

*J. K. Law*, for Respondents.

PATERSON, J.— The demurrer of the defendants Hallinan, administrator of the estate of Sarah Connell, deceased, and J. B. Connell, a minor, by Hallinan, his guardian, was sustained, and plaintiff having refused to amend, judgment was entered in favor of said defendants for costs of the action. The grounds of demurrer are, that the complaint does not state facts sufficient to constitute a cause of action, that the cause of action is barred by the provisions of section 337 of the Code of Civil Procedure, and that there is a defect or misjoinder of parties plaintiff in this: that said note and mortgage were executed to Christy and Wise, and John H. Wise and Thomas Denigan have brought this action as individuals, and have shown no assignment from Christy and Wise to them.

The amended complaint was filed August 22, 1883. The note and mortgage were made May 2, 1877, and became due May 2, 1878. The note was executed by John, and the mortgage by him and his wife, Sarah Connell.

On October 24, 1877, John and his wife filed a declaration of homestead on the land mortgaged to plaintiffs. Thereafter John died, and on July 19, 1880, Sarah, his widow, qualified as administratrix.

December 21, 1880, the claim of plaintiffs, which had been presented to the administratrix and the judge, was allowed and filed. December 27, 1880, the court set aside to Sarah Connell the land in suit as a homestead. February 17, 1882, Sarah Connell died. February 20, 1883, Williams was appointed administrator of the estate of John Connell.

Hallinan was appointed administrator of Sarah Connell's estate, but the date of his appointment is not stated.

The other defendants are heirs of said John and Sarah Connell.

1. The complaint sets forth a copy of the note signed by John Connell, which is made payable to the order of Christy and Wise. It is then alleged "that in order to secure the payment of said note the said John Connell and his wife did execute and deliver to John H. Wise and Thomas Denigan, *composing the firm of Christy and Wise*, a mortgage on those pieces of land," etc. (describing them). The complaint further avers that on the second day of May, 1877, said John H. W. and T. D. were copartners doing business under the firm name of C. & W., and that said J. C., being indebted to said firm, executed and delivered to them his said promissory note.

Having thus dealt with plaintiffs *as a firm*, neither John nor Sarah could be heard to dispute the firm relationship, and their representatives stand in no better position to contest the same.

While a pleading should show in cases of this kind

the copartnership relation of the plaintiffs in the caption of the complaint, such a showing is not an indispensable matter if in the body of the complaint it be specifically averred that the plaintiffs are in fact copartners, and it appears from the facts alleged that the obligation relied upon is one that has been created in favor of such copartnership. Thus it is said in Bliss on Code Pleading, section 145: "It is not absolutely necessary that the title describe the parties as partners, and give the partnership names, provided the fact appears in the body of the complaint." And in New York it is held that if the names are intelligibly given in the body of the complaint it is sufficient. (*Hill* v. *Thacter,* 3 How. 407. See also *Spear* v. *Ward,* 20 Cal. 660; *Halleck* v. *Jaudin,* 34 Cal. 174.)

The case of *McCord* v. *Seale,* 56 Cal. 262, was decided upon the evidence introduced showing a copartnership transaction,— the plaintiffs insisting upon a liability to them as individuals. The intimation made therein to the effect that the allegation of a copartnership might be treated as surplusage is, as matter of pleading, mere *dictum.*

2. It was sufficient to allege that the defendant J. H. is the administrator of the estate of Sarah C., deceased. Where a plaintiff sues in a representative capacity, he must allege matters showing his appointment, but such is not the case as to defendants who are sued as executors or administrators. "In actions against executors or administrators, it is not necessary to allege in the complaint facts showing how the defendant became invested with his representative capacity, but simply that they are such executors or administrators." (2 Wait's Pr. 374.)

3. As to the statute of limitations, the code (Code Civ. Proc., sec. 1475) requires all claims against a homestead to be presented to the administrator. (*Camp* v. *Grider,* 62 Cal. 21.) It does not appear that the estate

of John Connell was closed when suit was brought, and the note and mortgage having been presented to his administratrix on the twentieth day of December, 1880, and allowed, the statute ceased to run. "No claim against any estate which has been presented and allowed is affected by the statute of limitations pending the proceedings for the settlement of the estate." (Code Civ. Proc., sec. 1569; *Estate of Schroeder*, 46 Cal. 317; *Dohs* v. *Dohs*, 60 Cal. 255; *Savings and Loan Soc.* v. *Hutchinson*, 68 Cal. 53.)

4. It is claimed by respondent that as to Sarah Connell, unless the complaint contains some averment showing that the statute had not run against her, the action is barred. The burden, however, is upon defendant to show that plaintiff's cause of action is barred. Unless it clearly appears from the face of the complaint that plaintiff's cause of action is barred, the issue must be raised by answer. It does not appear from the complaint when the administrator of Sarah Connell was appointed. Hence the question cannot be raised upon demurrer. (*Harmon* v. *Page*, 62 Cal. 449; *Willis* v. *Farley*, 24 Cal. 491; *Savings and Loan Soc.* v. *Hutchinson*, 68 Cal. 53; *Cameron* v. *San Francisco*, 68 Cal. 390.)

Judgment reversed, with directions to the court below to overrule the demurrer.

TEMPLE, J., and McKINSTRY, J., concurred.