GUZMÁN *v.* VIDAL.

APPEAL from a judgment rendered by the District Court of Ponce.

No. 31.—Decided April 13, 1905.

PRESCRIPTION—PLEADING—DEMURRER—ANSWER.—In accordance with the former Law of Civil Procedure prescription could not be alleged by way of demurrer, but it was necessary to allege it expressly in the answer.

ID.—Where prescription is alleged as a defense by way of demurrer filed while the former Law of Civil Procedure was still in force, the demurrer must be overruled in accordance with the provisions of said law, even though the decision was rendered after the new Code of Civil Procedure went into effect.

ID.—In accordance with the Code of Civil Procedure now in force, prescription may be alleged by way of demurrer, but in order that it may be successful it is necessary that it clearly appear from the face of the complaint that the cause of action has prescribed.

ID.—Prescription cannot be alleged as contained in a general demurrer to the effect that the complaint does not state facts sufficient to constitute a cause of action.

ID.—In order that a defense of prescription may avail a defendant it is necessary that it be specifically alleged either by way of demurrer or in his answer.

ID.—SPECIAL DEFENSES—BASIS THEREFOR.—When the facts alleged as a defense possess the character of a special privilege or defense which can only avail the party in the cases wherein the same are alleged, such allegations made either by way of demurrer or in the answer must state clearly the facts on which they are based.

ID.—GENERAL DEMURRER.—When a complaint sets up facts sufficient to constitute a cause of action and some of such facts have prescribed and others not, a demurrer to the whole complaint alleging that it does not set up facts sufficient to constitute a cause of action will be overruled.

The facts are stated in the opinion.

*Mr. Poventud,* for appellant.

*Mr. Díaz Navarro,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought by Crecencia Guzmán y Toro,. through her attorney José A. Poventud, on the 21st of March,. 1904, against Dr. Esteban Vidal y Ríos, for damages in the sum of $5,000 sustained through her seduction and breach of the promise of marriage on the part of the defendant.

The complaint alleges that Dr. Esteban Vidal requested the mother and her daughter to come to his house and occupy a room there in order that he might educate the young girl according to his tastes with a view to marrying her upon her arrival at a proper age. It is alleged that the mother would not consent to receive his kindness without giving him something in return for the rent of the room, which she and her daughter occupied, so it was agreed that she would prepare the defendant's coffee in the morning, sweep his office, and wash a few clothes for him occasionally. The complaint further alleges that Dr. Vidal often visited the girl as her sweetheart, and a great number of times promised to marry her as soon as she reached a sufficient age; that he endeavored to pursuade her to have carnal intercourse with him, and that she, the plaintiff, always indignantly refused, reminding him that such acts could be realized only under the sacred protection of matrimonial ties. It is alleged that the defendant became more and more insistent in these requests, and pleaded with the girl not to prolong his suffering, always. assuring the girl that it was his intention to marry her very soon. The young girl finding herself confused by so many promises, finally yielded her virginity to the man whom she believed to be sincere in his promises, but who later proved himself to be her worst enemy by absolutely refusing to fulfill his many promises; that on the commission of the act, the mother of the plaintiff, as though sent by Divine Providence,.

appeared on the scene in time to witness the affair in the "supreme moment," and upon finding himself thus discovered by the mother the defendant leaped towards her and cautioned her not to say one word about what she had witnessed; that he would marry the girl and wipe away the injury which he had just caused her daughter. The mother finding herself in this position could do nothing more than accept the promises of the defendant and content herself with tears as her only consolation in her grief for the said crime and irreparable injury she had just seen perpetrated against her daughter; and it is further alleged that the defendant not only broke his promises to the plaintiff expressly, but by becoming engaged to another woman; that he tried to compel the mother and daughter to leave his house and even went so far as to order the electric light company to cut off their light; that now the unfortunate plaintiff directs her prayers to the court in order that its just judgment may serve as an example and terror to the defendant, that he may in the future forbear to again commit such a crime.

The plaintiff then continues in accordance with the practice formerly in use in this Island, and sets out several sections of the Code under which the suit was brought, being the Revised Civil Code, sections 1903, 1221, 1225, 1055, 1056 and 23. Also General Order No. 119, series of 1899, section 63.

The complaint concludes by praying the court to admit this suit for damages, and render a judgment condemning the defendant to pay the plaintiff the sum of $5,000, and the costs of this proceeding.

The defendant through his attorney, Luis Llorens Torres, makes an answer setting out certain facts which are not important in this decision, and afterwards denying all the allegations in the complaint contrary to what is set forth in his answer. He also cites the legal authorities which he claims to sustain his defense, being sections of the Civil Code 1803, 1869 and 1059; and further the defendant says by way of

demurrer, that even supposing the facts alleged in the complaint were true they would not constitute a cause of action, and as the complaint says that the damage was caused by Vidal in the month of January, 1903, which means that the plaintiff should have proceeded prior to the 30th of January, 1904; but the plaintiff allowed the said month of January to pass without bringing a suit, and does so in April, 1904, fifteen months after the alleged act, and the right of the plaintiff has therefore prescribed; and in basing her action on section 1803 she should have referred to section 1869 which clearly says:

"The following prescribe in one year: 1. Actions to recover or retain possession. 2. Actions to demand civil liability for grave insults or calumny and for obligations arising from the fault or negligence, mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

The answer then continues in an argumentative way, as was customary under the former Code of Civil Procedure, to show that according to the allegations in the complaint itself the statute of limitations had intervened, and that the action was barred; and the defendant concludes by requesting the court to declare him not guilty of the charge, and to tax the costs against the plaintiff.

The judgment of the trial court reads as follows:

*Judgment.*—"To-day, the 19th of July, 1904, this case having been set for trial on yesterday, the 18th of July, the parties appearing through their respective attorneys, José Angel Poventud, for the plaintiff, and Luis Llorens Torres, for the defendant, and they declared themselves willing, first, to discuss the questions of law cited by defendant in his answer, to wit: 'That sufficient facts were not alleged in the complaint to constitute a cause of action,' in view of the fact that, even admitting the allegations made in the complaint to be true, the time in which suit should have been filed had expired. After hearing the arguments made by the parties, the court is of the opinion, for reasons separately set forth, that the law is in favor of

the defendant, and therefor admits the demurrer, dismissing the suit with costs against the plaintiff, issuing an order of attachment against the property of said plaintiff for the collection of the same.''

Both parties appeared in this court by their respective attorneys and argued the case at length orally, and filed written briefs therein. The oral argument took place on the 8th of February last, and the only question presented by the appellant is whether or not the judgment of the district court sustaining the demurrer to the petition was correct.

In examining the complaint as it appears in the record, it is somewhat difficult to determine whether the plaintiff intends to bring a suit for damages on account of her seduction under promise of marriage, or a suit for damages for the breach of the promise itself. On the second page of her complaint she alleges that the suit has for its object the recovery of $5,000 damages for injuries sustained in her person and in her reputation and good name. If the action should be alone for seduction, it is difficult to perceive what relevancy sections 1221, 1225, 1055 and 1058 of the Civil Code in regard to contracts have to this case.

According to the old Code of Civil Procedure which was in force in this Island at the date when the pleadings herein were filed, the statute of limitations could not be set up by way of a demurrer, but it was necessary to plead it specially in the answer. And although the judgment herein in the district court was rendered during the month of July last, after the present Code of Civil Procedure took effect, the principles of the old Code should have been applied and the demurrer overruled. (See articles 531 and 532 of the former Law of Civil Procedure).

However, let us examine it by the light of the decisions applicable to the present Code of Civil Procedure and we will find that the same result will be reached.

Tried by the present Code of Civil Procedure which was not in force at the time the complaint was filed, it might have

been reasonably contended under the 7th paragraph of section 105 that the complaint was subject to a demurrer because it is ambiguous, unintelligible and uncertain; but this objection is not made by the defendant. He relies upon the 6th subdivision of that section, that the complaint does not state facts sufficient to constitute a cause of action, and under that paragraph attempts to plead, by way of demurrer, the statute of limitations.

In his answer the defendant mixes his denials and demurrers with his affirmative defenses quite as badly as the plaintiff confuses his causes of action, and it seems to us that it would have been better on the part of the trial court to order both parties to replead, and set out on the one part the cause of action in plain and intelligible words, giving a statement of the facts constituting the cause of action in ordinary and concise language as required by section 103 of the Code of Civil Procedure, and on the part of the defendant stating first his demurrers in proper order, under section 105 of the Code of Civil Procedure, and afterwards presenting in his answer his general denial and affirmative defenses, in case the demurrer should not be considered sufficient, and consequently overruled.

But of course we have to deal with the record as it is presented, and there is no reason to doubt that under the practice now in force the statute of limitations can be pleaded by way of demurrer, but in order for such a demurrer to be sustained, it must clearly appear on the face of the complaint itself that the cause of action is barred. This principle is well settled in many of the decisions of the Supreme Court of California. It is from the California Code of Civil Procedure that section 105 of our Porto Rican Code appears to have been taken, although it is in exactly the same language as the corresponding sections of the Idaho Code and the Montana Code. By a comparison of the statutes it will be seen that section 105 of the Porto Rican Code of Civil Procedure

is almost identical, word for word, with section 430 of the California Code, section 680 of the Montana and section 3206 of the Idaho Code. The two latter were doubtless copied, like our own from the California Code. The California decisions lay down the rule that a demurrer, in the language of the statute, to wit, that the complaint does not state facts sufficient to constitute a cause of action, cannot be held to reach the statute of limitations, and will be disregarded. In some of the cases the defendants attempted to avail themselves of the bar of the statute of limitations under this gentral objection. A defendant can only take advantage of the statute of limitations by pleading it specially, whether the pleading be by demurrer or by answer. Whenever the defence is in the nature of a special privilege, of which the party can only avail himself by pleading it, then his pleading, whether it be by demurrer or answer, must clearly specify the grounds of his defense. And where a complaint states a cause of action, some parts of which are barred and some not barred, a demurrer to the whole complaint on the ground that it does not state facts sufficient to constitute a cause of action, will be overruled. (*Brennan* v. *Ford,* 46 Cal., 8; *Brown* v. *Martin,* 25 Cal., 82; *Farwell* v. *Jackson,* 28 Cal., 107; *Clark* v. *Smith,* 66 Cal., 645.)

Although the demurrer in this case does not entirely comply with the demands of the California decisions, it might probably be held sufficiently well stated to demand a judgment on the defense of the statute of limitations, but as before stated, a complaint is not subject to a demurrer on this ground unless it clearly appears from the language of the complaint itself that the bar of the statute must prevail. This principle is well established by the following decisions of the Supreme Court of California, to wit: *Williams* v. *Gergin,* 114 Cal., 59, 60; *Pleasant* v. *Samuels,* 114 Cal., 38; *Kramer* v. *Halsey,* 82 Cal., 211; *Doe* v. *Langer,* 78 Cal., 151; *Wise* v. *Williams,* 72 Cal., 548; *Cameron* v. *San Francisco,* 68

Cal., 391; *Farwell* v. *Jackson,* 28 Cal., 107; *Brown* v. *Martin,* 25 Cal., 89, 90, 91; *Smith* v. *Richmond,* 19 Cal., 481; *Ord* v. *de La Guerra,* 18 Cal., 16; *Barringer* v. *Warden,* 12 Cal., 314, 315.

These cases are sustained also by decisions of the Supreme Court of the United States. Out of many the following may be referred to, to wit: *Gornley* v. *Bunyan,* 138 U. S., 623; *Sanger* v. *Nightingale,* 122 U. S., 176; *Sullivan* v. *Portland & Kennebec R. R. Co.,* 94 U. S., 806; *S. P. R. R. Co.* v. *Denton,* 146 U. S., 202.

It cannot be said of the complaint in this case that the cause of action on which the suit is brought clearly appears to have been barred by the statutes; far from it. Although the allegations therein set out are confused and obscure, they do not plainly show that the cause of action was founded entirely on the act of seduction and in consequence barred by the statute of limitations, and for this reason, if no other, the demurrer should have been overruled by the court below. Hence this court feels itself under the necessity of reversing the judgment of the court below, and requiring proceedings to be taken therein in accordance with this opinion.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.