## Guzmán v. Vidal.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 31. Resuelto en Abril 13, 1905.

Prescripción.—Excepciones previas.—Contestación.—Con arreglo á la antígua Ley de Enjuiciamiento Civil, la prescripción no podía ser alegada como excepción previa, sino que tenía que alegarse especialmente, en la contestación.

Id.—Alegada la prescripción como defensa en una excepción previa, y presentada ésta cuando todavía estaba vigente la antigua Ley de Enjuiciamiento Civil, dicha excepción debe ser desestimada, de acuerdo con las disposiciones de dicha Ley, aun cuando la resolución fuera dictada después de haber empezado á regir el nuevo Código de Enjuiciamiento Civil.

Id.—Con arreglo al vigente Código de Enjuiciamiento Civil, la prescripción puede ser alegada por medio de una excepción previa, pero para que ésta pueda prosperar es necesario que de la faz de la demanda aparezca claramente que la causa de acción ha prescrito.

Id.—La prescripción no puede ser alegada como comprendida en una *excepción general* al efecto de que *la demanda no aduce hechos suficientes para constituir una causa de acción.*

Id.—Para que la defensa de prescripción pueda favorecer al demandado es necesario que la alegue *especialmente*, ya por medio de una excepción previa, ó en la contestación.

Id.—Defensas especiales.—Fundamentos de las mismas.—Cuando los hechos que se aleguen como defensa tengan el carácter de *defensa ó privilegio especial*, que solamente podrán favorecer á la parte *en los casos en que la alegue*, las alegaciones de tal parte, ya sean por excepción previa ó por contestación deberán expresar claramente los hechos que les sirvan de fundamentos.

Id.—Excepción previa general.—Cuando una demanda aduce hechos suficientes para constituir una causa de acción, y de esos hechos algunos han prescrito y otros no, una excepción á la totalidad de la demanda en el sentido de que no aduce hechos suficientes para constituir una causa de acción, será desestimada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Poventud.*

Abogado del apelado: *Sr. Díaz Navarro.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del Tribunal.

La presente demanda fué entablada por la Señorita Crecencia Guzmán y Toro, mediante su abogado Sr. D. José A. Poventud, en 21 de Marzo de 1904, contra el Dr. Esteban Vidal Ríos, por daños y perjuicios, en la suma de cinco mil dollars ($5000) para reparar las injurias sufridas por la demandante mediante el acto de seducción cometido por el demandado y en virtud de promesa de matrimonio.

Se alega en la demanda que el Dr. Esteban Vidal y Ríos propuso á la madre é hija que vinieran á su casa y ocuparan allí una habitación á fin de que él pudiera educar á la niña según su gusto, teniendo en perspectiva casarse con ella al llegar á la mayor edad. Se alega que la madre no deseaba aceptar la oferta sin darle algo en pago al referido doctor por el alquiler de la habitación ocupada por ella y sus hijas; de modo que fué convenido que ella le prepararía el café por la mañana, barrería su despacho y lavaría ropa algunas veces. Se alega además en la demanda que el Dr. Vidal á menudo visitaba como novio á la muchacha Crecencia, y muchas veces le prometió casares con ella así que llegara á la mayor edad; que hizo grandes esfuerzos para persuadirla á realizar actos carnales, y que la demandante siempre rehusaba indignada, diciendo que tales actos únicamente podrían realizarse bajo la sagrada protección de los vínculos del matrimonio. Se alega que el demandado llegó á insistir más y más en tales súplicas, y le suplicó á la muchacha que no le prolongara sus sufrimientos, asegurándola siempre que era su intención casarse pronto con ella. Encontrándose la joven confundida á consecuencia de tantos ofrecimientos, finalmente consintió en entregar su virginidad al hombre que creyó era sincero en sus promesas, pero que luego demostró ser su peor enemigo, rehusando absolutamente dar cumplimiento á sus muchas promesas; que al cometerse el acto,

la madre de la demandante, como por obra de la Providencia Divina, se presentó en el sitio donde se realizaba aquella escena, precisamente á tiempo oportuno pudiendo presenciar el hecho en el momento "supremo" y al encontrarse sorprendido por la madre de la demandante, el demandado se lanzó hacia ella amonestándo'e que no dijera una palabra de lo que había visto; que él se casaría con la joven y eclipsaría el daño que había causado á su hija. Encontrándose la madre en tan difícil situación, no pudo menos que aceptar las promesas del Doctor demandado y contentarse con sus lágrimas que eran su único consuelo en su pesar por la triste desgracia y la injuria irreparable que vió perpetrar en su hija. Se alega además que el demandado no solamente rompió sus promesas expresamente, sino también por el compromiso de casarse con otra mujer; que trató éste de obligar á la madre é hija á salir de su casa, y hasta mandó á la compañía de la luz eléctrica que quitasen la luz de la habitación que ocupaban; y que ahora la desgraciada demandante dirige su última súplica á la Corte á fin de que la justa sentencia de la misma pueda servir de ejemplo y terror al demandado, para que en lo sucesivo deje de cometer semejante delito.

La demandante luego continúa con arreglo al procedimiento que anteriormente se acostumbraba seguir en esta Isla, y reproduce varios artículos del Código en los cuales funda la demanda, ó sea el Código Civil Revisado, artículos 1803, 1221, 1225, 1055, 1056 y 25; así como la Orden General No. 118, serie de 1899, artículo 63.

Termina la demanda suplicando á la Corte que la tenga por admitida, y que dicte sentencia condenando al demandado que pague á la actora la suma de cinco mil dollars y al pago de las costas.

El demandado, mediante su abogado, Sr. Luis Llorens Torres, formula su contestación, consignando varios hechos que no tienen importancia para la presente resolución, y después niega todo lo alegado en la demanda que

expresa lo contrario á lo que consigna en su contestación. El también cita las autoridades jurídicas que forman la base de su defensa, ó sea los artículos 1803, 1869 y 1859 del Código Civil; y además dice el demandado en una excepción previa, que aún suponiendo que fueran ciertos los hechos alegados en la demanda no constituirían una causa de acción y que como la demanda dice que el daño fué causado por Vidal en el mes de Enero de 1903, lo cual quiere decir que la demandante debió haber procedido con anterioridad al día 30 de Enero de 1904, pero que la demandante permitió que pasara el susodicho mes de Enero sin entablar su demanda, y lo hace en Abril de 1904, quince meses después del acto denunciado, habiendo por tal motivo prescrito el derecho de la demandante; y fundando su demanda en el artículo 1803 ella debía haber leído el artículo 1869 que dice claramente: "Las siguientes prescriben dentro del año: 1. Las acciones para recobrar ó retener la posesión.—2. Las acciones que exigen responsabilidad civil por insultos graves ó calumnia, y por obligaciones que surjan de la falta ó negligencia referida en la sección 1803, desde el momento en que la persona agraviada tuvo conocimiento de dicho agravio."

La contestación continúa en forma de argumentación según era costumbre con arreglo al antiguo Código de Enjuiciamiento Civil para demostrar que de acuerdo con las alegaciones de la misma demanda había intervenido el estatuto de limitación, y que había prescrito la demanda; y el demandado termina suplicando á la Corte que lo declare no culpable del cargo, y que se impongan las costas á la demandante.

La sentencia de la Corte sentenciadora á la letra dice:

### SENTENCIA.

"Hoy día diez y nueve de Julio de 1904, habiéndose llamado para juicio esta causa en el día de ayer diez y ocho de Julio comparecieron las partes por medio de sus abogados Don José Angel Poven-

tud por la demandante y Don Luis Llorens Torres por la parte demandada y anunciaron estar dispuestos á discutir previamente la cuestión de ley aducida por el demandado en su contestación, "De no alegarse en la demanda hechos suficientes para constituir una causa de acción," toda vez que admitiendo como ciertos los hechos alegados en la demanda resulta prescrita la acción ejecutada.— El Tribunal después de oir los alegatos de las partes, es de opinión, por las razones que separadamente se consignan, que la ley está á favor del demandado y por tanto declara con lugar la objeción aducida desestimando la demanda con las costas á la actora, expidiéndose auto de ejecución contra sus bienes para hacerlas efectivas.

En esta Corte comparecieron ambas partes mediante sus respectivos abogados defensores y desarrollaron ampliamente sus argumentos orales y presentaron alegatos por escrito. El argumento otral tuvo lugar en el día 8 de Febrero próximo pasado, y la única cuestión presentada por el apelante es si era ó no correcta la sentencia de la Corte de Distrito al sostener la excepción previa.

De un reconocimiento de la demanda, según aparece en los autos, es difícil determinar si la actora quiere demandar por seducción en virtud de promesa de matrimonio, ó en reclamación de daños y perjuicios por faltar al cumplimiento de la promesa de matrimonio. En la segunda página de su demanda ella alega que tenía por objeto de la misma recobrar cinco mil dollars por daños y perjuicios, sufridos en su persona, buen nombre y reputación. Si la demanda es solo por seducción, es difícil comprender qué relación tienen los artículos 1221, 1225, 1055 y 1056 del Código Civil, que tratan de contratos, con el presente caso.

Con arreglo al antíguo Código de Enjuiciamiento Civil, que estaba vigente en esta Isla en la fecha en que fué entablado el presente pleito, no podía valerse de la Ley de Prescripción mediante excepción previa, pero era necesario alegarla especialmente en la contestación. Y aunque la citada sentencia de la Corte de Distrito fué dictada en el mes de Julio próximo pasado, después de la fecha

en que empezó á regir el actual Código de Enjuiciamiento Civil, los preceptos del antiguo Código debían haberse aplicado, y debía haberse desestimado la excepción previa. Véanse los artículos 531 y 532 del antiguo Código de Enjuiciamiento Civil.

Sin embargo examinemos este punto á la luz de las decisiones aplicables al presente Código de Enjuiciamiento Civil, y se verá que llegamos al mismo resultado.

Juzgado con arreglo al presente Código de Enjuiciamiento Civil que no regía en la época en que se entabló la demanda, podría alegarse que de acuerdo con el párrafo 7 del artículo 105 la demanda estaba sujeta á una excepción previa, porque es ambigua, ininteligible é incierta; pero esta objeción no fué hecha por el demandado. El confía en la 6a. subdivisión de dicho artículo, ó sea que la demanda no consigna suficientes hechos para constituir una causa de acción, y con arreglo á dicho párrafo intenta alegar, mediante excepción previa, la ley de prescripción.

En su contestación el demandado mezcla sus negativas y excepciones con sus defensas afirmativas de tan mala manera como la demandante confunde sus causas de acción; y nos parece á nosotros que hubiera sido mejor, por parte de la Corte sentenciadora, que ordenara á ambas partes que volvieran á presentar sus defensas, y que por una parte se expresara la causa de acción en palabras claras é inteligibles, exponiendo los hechos que originan la acción en lenguaje usual y conciso, según lo dispone el artículo 103 del Código de Enjuiciamiento Civil; y por parte del demandado que expusiera primero las excepciones en el orden que correspondiera, de acuerdo con lo dispuesto por el artículo 105 del Código de Enjuiciamiento Civil, y en caso de que la excepción previa no se estimare suficiente, y fuere de consiguiente desestimada, que presentara luego en la contestación su negativa general y sus defensas afirmativas.

Pero por supuesto debemos ocuparnos de los autos se-

gún se presentan, y no cabe duda de que con arreglo á la práctica vigente en la actualidad la ley de prescripción puede alegarse mediante excepción previa; pero para que pueda sostenerse tal excepción, debe aparecer claramente en la misma demanda que la causa de acción ha prescrito. Esta es doctrina sentada en muchas sentencias de la Corte Suprema de California. El Código de California es el del cual parece que el artículo 105 del Código de Enjuiciamiento Civil de Puerto Rico se ha tomado, aunque está redactado en el mismo lenguaje que el de los correspondientes artículos de los Códigos de Idaho y Montana. Comparando las leyes se verá que el artículo 105 del Código de Enjuiciamiento Civil de Puerto Rico es casi idéntico, palabra por palabra, al artículo 430 del Código de California, al 680 del Código de Montana, y al 3206 del Código de Idaho. Es indudable que los últimos fueron copiados, como el nuestro, del de California. Queda establecido por las sentencias de las Cortes de California que una excepción previa, según el texto de la ley, á saber, que la demanda no aduce hechos suficientes para determinar una causa de acción, no puede considerarse como comprendida en la ley de prescripción y será desestimada. En algunos casos los demandados intentaron valerse de la ley de prescripción bajo esta objeción general . Una persona demandada solo puede valerse de la ley de prescripción alegándola especialmente, ya sea por excepción previa, ya por contestación. Cuando la defensa tenga el carácter de un privilegio especial, del cual únicamente puede valerse la parte alegándolo, entonces su alegación, ya por excepción previa ya por contestación debe especificar claramente el fundamento de su defensa. Y cuando una demanda determina la causa de acción, partes de la cual son impedidas, y partes que no lo están, una excepción previa presentada á toda la demanda, fundándose en que no expone suficientes hechos para constituir una causa de acción, será desestimada.

Brennan v. Ford. 46 Cal 8.
Brown v. Martin, 25 Cal. 82.
Farwell v. Jackson, 28 Cal. 107.
Clark v. Smith, 66 Cal. 645.

Aunque la excepción previa presentada en este pleito no cumple en un todo con los requisitos que exigen las decisiones de California, podría quizás considerarse suficientemente, bien alegada para justificar una sentencia basada en las leyes de prescripción, pero como se ha dicho anteriormente, una demanda no está sujeta á excepciones de esta naturaleza, á menos que aparezca claramente de los términos de la misma que la causa de acción ha prescrito. Este principio está bien establecido por las siguientes decisiones de la Corte Suprema de California, á saber:

Williams v. Gergin, 116 Cal. 59-60.
Pleasant v. Samuels, 114 Cal. 38.
Kraner v. Halsey, 82 Cal. 211.
Doe v. Sanger, 78 Cal. 151.
Wise v. Williams, 72 Cal. 548.
Cameron v. San Francisco, 68 Cal. 391.
Farwell v. Jackson, 28 Cal. 107.
Brown v. Martin, 25 Cal. 89, 90, 91.
Smith v. Richmond, 19 Cal. 481.
Ord v. de la Guerra, 18 Cal. 76.
Barringer v. Warden, 12 Cal. 314-315.

Estas causas también están sostenidas por las decisiones de la Corte Suprema de los Estados Unidos. De las muchas que hay puede hacerse referencia á las siguientes:

Gormley v. Bunyan, 138 U. S. 623.
Sanger v. Nightingale, 122 U. S. 176.
Sullivan v. Portland & Kennebec R. R. Co. 94 U. S. 806.
S. P. R. R. Co. v. Danton, 146 U. S. 202.

No puede decirse de la demanda en el presente pleito

que aparece claramente de la misma que ha prescrito la causa de acción en la cual se funda el presente pleito; falta mucho para ser así. Aunque las alegaciones hechas en dicha demanda son confusas y obscuras no demuestran claramente que la causa de acción fué basada exclusivamente en el acto de seducción; y que por consiguiente fué impedida por la ley de prescripción, y por esta razón, aún cuando no hubiera otras, la excepción previa debía haberse desestimado por la Corte inferior, y esta Corte se ve precisada á revocar la sentencia de dicha corte inferior, ordenando que se proceda en la misma de acuerdo con lo expuesto en el presente dictámen.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.