**McKENNON, Ex'x, v. McKENNON.**

No. 14365—Opinion Filed Nov. 27, 1923.

Rehearing Denied March 11, 1924.

**1. Limitation of Actions—Tolling Statute —Payment or Acknowledgment.**

In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.

**2. Parties—Misjoinder—Demurrer.**

Under section 268, Comp. Stat. 1921 (Rev. Laws 1910, sec. 4740), misjoinder of parties defendant is not a ground for a demurrer, except where the misjoinder appears upon the face of the petition.

**3. Limitation of Actions—Demurrer to Petition.**

Where a petition upon its face does not show that the cause of action is barred by the statute of limitations, a demurrer thereto, urged specially upon that ground, should be overruled.

**4. Same—Action Against Administrator.**

In a suit against the administrator of decedent, the burden is upon the defendant to show that plaintiff's cause of action is barred by the statute of limitations. Hence, unless such fact clearly appears on the face of the complaint, from the date of defendant's appointment as executor, a demurrer thereto is bad, and the objections must be made by answer.

**5. Same—Tolling Statute by Allowance of Claim.**

The presentation, approval, and allowance of a claim against the estate by the administrator, tolls the statute of limitation as against the estate pending the closing of the administration and the final discharge of the administrator.

**6. Same—Administrator as Joint Maker of Note.**

Where the party acting as administrator voluntarily allows and approves a claim in writing against the estate, based on a promissory note upon which the administrator is personally, primarily, and jointly liable, being one of the joint makers of the note, such act tolls the statute of limitation as against the administrator in his individual capacity.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; G. C. Smith, Judge.

Action by Louie McKennon, executrix of the last will and testament of J. D. McKinnon, deceased, against Ella McKinnon. From a judgment sustaining defendant's demurrer to plaintiff's petition, plaintiff appeals. Reversed and remanded.

O. R. Fegan, for plaintiff in error.

C. G. Hornor, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Logan county, Okla., on the 21st day of November, 1921, by plaintiff in error, as plaintiff, against the defendant in error, as defendant. Plaintiff for cause of action against defendant alleges that on the 1st day of March, 1913, T. F. McKennon and Ella McKennon, the above named defendant, executed and delivered their certain promissory note to one A. M. McKennon and this plaintiff for the sum of $4,700, due the 1st day of March, 1915, bearing 10 per cent. interest per annum. That said T. F. and A. M. McKennon and J. D. McKennon were brothers and Ella McKennon, defendant, herein, was the wife of said T. F McKennon, deceased. That T. F. McKen-

non died on the 5th day of July, 1919, and his widow, Ella McKennon, was thereafter appointed administratrix of the estate and that said administration was closed and said administratrix and her bondsman were discharged on the 21st day of February, 1921. That during the administration the note herein sued on was' duly presented as a claim against the estate and approved and allowed by the administratrix, but was not paid for the reason there were no assets of the estate available.

That on or about the 1st day of March, 1919, the said T. F. McKennon, now deceased, and the defendant herein, Ella McKennon, made a settlement with the said A. M. McKennon for his one-half interest in said note, paying him the sum of $2,350, in all interest due, and gave credit for same on the back of the note herein sued upon. Plaintiff further alleges that at the time of the granting of the loan and execution of the note sued on, that same was made to the defendant, Ella McKennon, and her husband, now deceased, for the purpose of paying off a mortgage against their home in the city of Guthrie, and that the said Ella McKennon and her husband, T. F. McKennon, promised and agreed to execute a mortgage on their homestead to secure the payment of the loan of $4,700. That a certain mortgage against the home for the sum of $2,000, which was paid off by defendant at the time the loan was secured, was turned over to A. M. McKennon as collateral security, to secure the payment of the note in question, and that at the time defendant herein and her husband paid off one-half of said note to A. M. McKennon, the said A. M. McKennon delivered to them the collateral security, and plaintiff alleges that this transaction was done for the purpose of defrauding him, and of depriving him of any collateral security on said loan, and prays judgment for the sum of $3,400, the balance due, with interest, and asks that the homestead of the defendant, Ella McKennon, be impressed with a lien to secure the payment of same and that he be subrogated to the rights of the original mortgagee under the mortgage delivered to A. M. McKennon.

J. D. McKennon, the vendee in said note, having died, this suit is now being prosecuted in the name of Louie McKennon, executrix of the last will and testament of J. D. McKennon, deceased.

The defendant filed a demurrer to the petition of plaintiff upon the following grounds:

"First, that plaintiff had no legal capacity to sue.

"Second, that there is a defect of parties plaintiff.

"Third, that there is a defect of parties defendant.

"Fourth, that the plaintiff's alleged cause of action is barred by the statute of limitation.

"Fifth, that the petition does not state facts sufficient to constitute a cause of action."

And on the 19th day of April, 1923, the demurrer of defendant to the petition of plaintiff was by the court sustained, to which ruling the plaintiff excepted, and elected to stand upon her petition, whereupon the court dismissed plaintiff's action, to which judgment plaintiff duly excepts and appeals to this court.

Plaintiff in error sets forth numerous assignments of error, but directs her arguments mainly to the error of the court in sustaining the demurrer and dismissing her action, which in fact is the only issue with which we are concerned. That part of the demurrer which raises the question of limitation is urged most seriously by defendant in error as being sufficient to sustain the action of the court in sustaining the demurrer to the petition, but we are inclined to the opinion that the petition is good as against the demurrer.

The allegations of payment and credit indorsed upon the back of the note, which is attached to the plaintiff's petition, we think sufficient to toll the statutes. It is possible that the payment may have been made in such manner and under such circumstances as would not toll the statute of limitation, but this we think would be a question of proof and of fact rather than of law. And likewise we are of the opinion that the approval of the claim upon which the suit is based by the defendant herein as administratrix of the estate is sufficient to toll the statutes against her in her individual capacity.

Presentation of a claim to the administratrix is sufficient to stop the running of the statute of limitation. In the case of Beckett v. Selover, 7 Cal 215, the court said:

"The allowance and approval of a claim by an administrator is a judicial act, a quasi judgment, and when approved by the probate judge it has the effect of a judgment."

But so far as the administration is concerned, and the estate, the statute of limitation is only stopped pending the final determination of same, because there are other statutes which intervene which must be taken into consideration, and all claims against the estate are barred, whether allowed or disallowed, unless the suit is instituted against the administrator, or ex-

ecutor, pending the administration and before they are finally discharged and the administration closed.

But in this case we are confronted with a different question. This is a suit against one of the joint makers of the note. not against the estate, who happened to be the administratrix of the estate, and who approved and allowed the claim based on the note, the basis of this suit, and upon which she was personally and primarily liable. And the question for . determination here is whether or not her act in approving the claim as administratrix was such an act as would toll the statute as against her individually. We are inclined to the opinion that it would. We find no authority directly in point, and counsel for defendant in error presents a very ably prepared brief in support of his contention that it does not, but we think the contention is based more on a fiction of law than on common sense and justice, and we are unable to agree with the very able argument presented.

We think that when Mrs. McKennon. as administratrix of the estate, approved the claim against the estate, for which she was personally liable, and a claim, which according to the pleading which we are now dealing with, she had full and complete knowledge of, that her act of approval, in writing, tolled the statutes of limitation as against the estate pending the final settlement and discharge of the administratrix. And likewise tolled the statute as against her individually for the full period of five years from the date of her approval and allowance. We cannot escape the conclusion that she is bound by her act in approving and recognizing the validity of a claim of which she had personal knowledge, and for which she was personally and primarily liable.

And we think the rule would apply with equal force although some one other than she, the defendant, had been the administrator. The presentation of a claim, the approval and allowance of same by the administrator and the court is a semijudicial proceeding, and when no appeal is taken therefrom it becomes a final adjudication of the matter by which all persons interested are bound. And from this point of view the statute of limitation would be tolled.

There are numerous questions raised by plaintiff and defendant in their briefs, but in view of the fact that we feel that the matter should be tried out on its merits, we refrain from rendering or expressing an opinion on those matters at this time.

In the case of Tucker v. Hudson et al., 38 Okla. 790, 134 Pac. 21, the court announces the following rule:

"Where a petition upon its face does not show that the cause of action is barred by the statute of limitation, a demurrer thereto urged specifically upon that ground should be overruled."

And in the same case the court also said:

"A misjoinder of parties defendant is not a ground for demurrer."

And we think that the petition in this case is good as against all of the different grounds assigned in the demurrer. In the case of Wise et al. v. Williams et al. (Cal.) 14 Pac. 204, the court said:

"In a suit against the administrator of decedent the burden is upon the defendant to show that plaintiff's cause of action is barred by the statute of limitation. Hence, unless such fact clearly appears on the face of the complaint from the date of the defendant's appointment as executor, a demurrer thereto is bad and the objection must be made by answer ."

We, therefore, recommend that the judgment in sustaining the demurrer be reversed. and the case remanded for further proceedings in conformity to this opinion.

By the Court: It is so ordered.