ENRIQUE CATONI, demandante y apelado, *v.* CARMEN MARTORELL VDA. DE PRADO, MARÍA ROSA PRADO MARTORELL y PEDRO TOMÁS, ESTER, LUIS y MIGUEL PRADO MARTORELL, representados estos últimos por su madre con patria potestad sobre los mismos, la demandada, CARMEN MARTORELL VDA. DE PRADO, demandados y apelantes.

No. 4264.—*Visto:* Febrero 10, 1928. *Resuelto:* Mayo 31, 1928.

*Dubón & Ochoteco,* abogados de los apelantes; *Juan B. Soto y C. M. Pesquera,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Enrique Catoni demandó a la Sra. Martorell de Prado y a sus hijos menores de edad en cobro de cinco mil dólares.

La deuda se hizo constar en un pagaré a favor del deman-dante, o a su orden, otorgado por la señora demandada y su esposo que se transcribe en la demanda, alegándose no haber sido pagado a su vencimiento ni después en todo ni en parte.

Los demandados comparecieron y formularon una excep-ción previa en los siguientes términos:

"PRIMERA:—Que la demanda presentada no aduce hechos sufi-cientes para determinar una causa de acción.

"POR LO QUE, solicitan respetuosamente del tribunal se dicte sen-tencia desestimando la demanda, con imposición de costas, gastos y honorarios de abogado de esta acción, al demandante."

También pidieron los demandados que se eliminaran ciertos particulares de la demanda.

La corte, el 2 de febrero de 1927, dictó una resolución que copiada a la letra, en lo pertinente, dice:

"Vista la estipulación de las partes, y aprobada, la corte por la presente, declara:—

"1º.—Con lugar en todas sus partes la moción eliminatoria; y

"2º.—Declara sin lugar las excepciones previas contra la de-manda, y concede 10 días al demandante para enmendar su demanda y 20 días a la demandada, para contestar dicha demanda enmen-dada; entendiéndose que dichos términos empezarán a contarse para ambas partes, desde el día en que fueren notificadas por el Secre-tario de la corte de la presente resolución."

La estipulación a que la corte se refiere, no aparece de los autos.

El demandante formuló entonces una demanda enmendada. Vuelve en ella a transcribirse el pagaré origen de la recla-mación.

La parte demandada no compareció y el demandante pidió que su rebeldía fuera anotada. Así se hizo por el Secretario quien, en cumplimiento de lo dispuesto en el art. 194, No. 1, del Código de Enjuiciamiento Civil, procedió a registrar la sentencia de acuerdo con lo pedido en la demanda.

Así las cosas, la parte demandada interpuso la presente apelación. Como único error alega que:

"Los demandados apelantes señalan y sostienen como único error el que la Corte de Distrito de San Juan, debió de haber declarado con lugar la Excepción Previa de falta de causa de acción formulada a la demanda en este caso."

Seguidamente, al discutir el error, dicha parte invoca el art. 950 del Código de Comercio y la jurisprudencia de esta Corte Suprema establecida en los casos de *Hernández v. Muñiz*, 10 D.P.R. 17, *Rosaly* v. *Alvarado*, 17 D.P.R. 109, y *Fernández* v. *Ruiz Soler*, 27 D.P.R. 80.

■■ El art. 950 dispone que las acciones procedentes de letras de cambio se extinguen a los tres años de su vencimiento, háyanse o no protestado y que igual regla se aplicará a las libranzas y pagarés de comercio, cheques, talones y demás documentos de giro o cambio, y a los dividendos, cupones e importe de amortización de obligaciones emitidas conforme al Código de Comercio.

Y la jurisprudencia establece que la expedición de pagarés a la orden y sus endosos se reputan mercantiles y por tanto se presume que proceden de operaciones de comercio a menos que se demuestre lo contrario.

Basándose en todo ello la demandada sostiene que la sentencia apelada cae por su base porque habiéndose suscrito el pagaré el 23 de octubre del 1921 para vencer el 15 de enero de 1922 e interpuesta la demanda el 29 de julio de 1926, la obligación había prescrito por el transcurso de más de tres años y carecía por tanto de toda eficacia legal.

Hemos estudiado cuidadosamente las cuestiones envueltas y a nuestro juicio debe confirmarse la sentencia recurrida, en primer lugar, porque cuando la parte demandante formuló su demanda enmendada, nada hizo la parte demandada. Adoptó una actitud de franca rebeldía y el secretario estuvo enteramente justificado al registrar la sentencia en la forma en que lo hizo. Conocemos por la propia parte demandada que su única defensa consistía en la prescripción. Dicha defensa constituye un privilegio personal que se entiende renun-

ciado si no se alega, y así, renunciada la defensa ¿a qué otra conclusión podía llegarse que no fuera a la de dictar sentencia a favor del demandante?

 En segundo lugar, porque aún reconociendo a la excepción previa formulada eficacia en cuanto a la demanda enmendada, se llegaría siempre a la misma conclusión, ya que dados los términos en que fué redactada no levantó la cuestión de prescripción.

Desde 1905, en el caso de *Guzmán* v. *Vidal,* 8 D.P.R. 345 351, esta corte se expresó así:

"Queda establecido por las sentencias de las Cortes de California que una excepción previa, según el texto de la ley, a saber, que la demanda no aduce hechos suficientes para determinar una causa de acción, no puede considerarse como comprendida en la ley de prescripción y será desestimada. En algunos casos los demandados intentaron valerse de la ley de prescripción bajo esta objeción general. Una persona demandada sólo puede valerse de la ley de prescripción alegándola especialmente, ya sea por excepción previa, ya por contestación. Cuando la defensa tenga el carácter de un privilegio especial, del cual únicamente puede valerse la parte alegándolo, entonces su alegación, ya por excepción previa ya por contestación debe especificar claramente el fundamento de su defensa."

Parece conveniente citar además algo de la opinión de la Corte Suprema de California emitida en el caso de *Burke* v. *Maguire,* 154 Cal. 456. Dice:

"Se sostiene que este punto no puede ser considerado por esta corte en apelación porque tiende a suspender los procedimientos, y la excepción previa general manifiesta que esta alegación 'no aduce hechos suficientes para determinar una causa de acción en contra de dicho demandado,' sin especificarse que esta omisión constituye precisamente el punto determinado que la hace defectuosa. Se resolvió en este estado poco después de la adopción de la Ley de Enjuiciamiento, la que a este respecto es idéntica al Código de Enjuiciamiento Civil actual, que una excepción previa general no necesita especificar los particulares sobre los cuales dejó la demanda de aducir hechos suficientes para determinar una causa de acción, sino que, si se redacta en los términos arriba expresados, se interpone contra toda la demanda o la causa de acción contra la cual va dirigida, por

cualquiera y por todos los hechos esenciales que se dejen de alegar. (*Ellison* vs. *Halleck,* 6 Cal. 393; *Williamson* vs. *Blattan,* 9 Cal. 501.) Posteriormente, en el caso de *Brown* vs. *Martin,* 25 Cal. 91, se hizo una excepción a esta regla en aquellos casos en que la prescripción aparecía de la faz de la demanda. Aparentemente, aunque no de un modo expreso, aplicando la regla familiar del derecho común de que el beneficio de este estatuto es un privilegio personal que se renuncia a menos que se alegue específicamente, la corte, en aquel caso, resolvió que una excepción previa general que no especificaba la prescripción como el defecto en que la misma se basaba, no era suficiente para presentar tal objeción. Este precedente ha sido seguido uniformemente desde entonces, en lo que se refiere a la prescripción.''

■ Y en tercero y último lugar porque si bien es cierto que las llamadas excepciones privilegiadas de falta de jurisdicción y de hechos pueden alegarse por vez primera en esta Corte Suprema, la de falta de hechos no comprende la de prescripción en un caso como éste.

La contienda se suscitó y quedó trabada en la corte de distrito. La demandada alegó mal en la primera ocasión y dejó de alegar en la segunda su defensa de prescripción. Su actuación implica la renuncia de un privilegio y partiendo de la base de esa renuncia la demanda es enteramente suficiente, aduce todos los hechos necesarios para sostener la acción ejercitada y la sentencia dictada.

Por virtud de todo lo expuesto *debe declararse sin lugar la apelación y confirmarse la sentencia recurrida.*