JULIA FORNARIS, demandante y apelada, *v.* FRANCISCO FONT, demandado y apelante.

No. 5482.—*Sometido:* Febrero 10, 1933.  *Resuelto:* Marzo 10, 1933.

*Leopoldo Tormes,* abogado del apelante; *F. Zapater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandado fué condenado a pagar cierta cantidad de dinero a la demandante y el primer motivo que alega en su apelación contra esa sentencia es que la corte inferior debió eliminar cierta alegación de la demanda por ser impertinente. En la demanda se alega que el pagaré que contiene la obligación cuyo pago se reclama fué entregado a su vencimiento por el apoderado general de la demandante al abogado Leopoldo Tormes a su requerimiento y con el pretexto de que iba a ser pagado por el deudor, sin que la demandante haya podido conseguir que se le devuelva a pesar de no estar cancelada la deuda. Tal alegación no es impertinente en este caso porque sirve para poder presentar prueba del porqué la demandante no tiene en su poder la obligación escrita cuyo

pago reclama. El caso de *Carlo* v. *Ferrer,* 27 D.P.R. 216, que cita el apelante, no tiene relación con el presente.

El segundo motivo es por haber sido desestimada la excepción previa opuesta a la demanda, fundada en que carece de hechos determinantes de causa de acción porque no dice si la demandante es soltera o casada; porque si es casada y la deuda fué contraída durante su matrimonio, ella no tiene causa de acción sino su marido. Nos bastará decir ahora que de la demanda aparece que la demandante es soltera, pues el pagaré está otorgado a favor de la Srta. Julia Fornaris, que es la demandante.

■■ En el tercer motivo del recurso se dice que la corte inferior cometió error al considerar probados los hechos de la demanda y al dictar sentencia contra el demandado en los términos en que dicha sentencia fué dictada, porque siendo el pagaré a la orden y habiendo sido presentada la demanda a los diez años de su vencimiento el demandado está cobijado por la prescripción de tres años de los pagarés comerciales y porque condena a intereses superiores a los legales.

El apelante no alegó en la corte inferior la prescripción de la acción y la promueve por primera vez en este tribunal por lo que no podemos considerarla. La prescripción de la acción es un privilegio que se entiende renunciado al no alegarse en la contestación. *Catoni* v. *Martorell Vda. de Prado,* 38 D.P.R. 328; *Sucn. Franceschi* v. *González,* 42 D.P.R. 940, confirmado por la Corte de Circuito de Boston.

En cuanto a que la sentencia condena al pago de intereses al 1 por ciento mensual hasta el completo pago de la obligación y que sólo son debidos hasta el vencimiento de ella, y los posteriores al tipo legal del 6 por ciento anual, nos bastará decir que en el pagaré aceptó el deudor pagar intereses al tipo del 1 por ciento mensual desde la fecha del documento hasta el total pago de la obligación.

El demandado se limitó en la corte inferior a negar los hechos de la demanda sin alegar defensa alguna en su favor, ni presentó prueba para contradecir la de la demandante, por

lo que no entendemos que hubiese error en ser condenado en costas, como alega en el último motivo del recurso.

*La sentencia apelada debe ser confirmada.*