EMILIO ACOSTA CANCEL, apelante, *v.* LA JUNTA DE PLANIFICACIÓN, URBANIZACIÓN Y ZONIFICACIÓN DE PUERTO RICO, querellada.

Núm. 16.—*Sometido:* Junio 1, 1950. *Resuelto:* Junio 19, 1950.

*José Sabater,* abogado del apelante; *Rafael R. Fuertes* y *A. Sandín del Manzano,* abogados de la querellada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 3 de mayo de 1949 Emilio Acosta Cancel acudió ante la Junta de Planificación, Urbanización y Zonificación de Puerto Rico([1]) con una declaración de intención de lotificar una parcela de terreno situada en la calle San Rafael de Mayagüez, compuesta de 276 metros cuadrados. Al dorso de su declaración hizo constar la descripción del solar que deseaba segregar, así como que la medida superficial del mismo era 162.29 metros cuadrados, que en él estaba enclavada una casa de madera y cemento armado, y que en los 113.71 metros restantes se hallaba un edificio de cuatro pisos y entresuelo.

Por resolución de 8 de junio de 1949 la Junta desaprobó la lotificación interesada. Se fundó en que de aprobarse la misma se estarían formando dos solares con áreas superficiales de 162.29 metros cuadrados y 113.71 metros cuadrados, hecho contrario al artículo 51 del Reglamento de Lotificación que exige un área superficial de 300 metros cuadrados; y en que el solar que se intentaba segregar carecía de accesos adecuados a una vía pública, requisito mínimo entre otros requerido por ella en áreas donde han de aprobarse lotificaciones. Solicitó Acosta Cancel reconsideración de la resolución así dictada basado en que, como cuestión de hecho, en el solar que se propone segregar se construyó una casa hace más de sesenta años; en que tanto esa casa como el solar de ésta y el resto del mismo los adquirió Bartolo Fortunet, anterior dueño, quien hallando que pegado a dicha casa había un barranco inaccesible que llegaba hasta la calle de San Rafael, y siendo dicho Fortunet un contratista, extrajo toda la tierra

---

([1]) En adelante designaremos a ésta en el curso de la presente opinión meramente como la Junta.

que formaba el barranco y en el terreno así nivelado fabricó un edificio de cuatro pisos, que linda por el frente con la calle de San Rafael, y que por el lado este tiene acceso por una salida que desde tiempo inmemorial ha tenido la Urbanización Pujals; en que para construir esta última edificación Fortunet solicitó y obtuvo permiso del Departamento de Sanidad, se le aprobaron sus planos, y se le hicieron planillas de contribución sobre la propiedad y las mismas han sido siempre pagadas tanto por Fortunet como por Acosta Cancel; y en que las dos propiedades así descritas están hipotecadas por la suma de $26,000 y el propósito de la segregación es vender la casa vieja y levantar fondos con que aminorar la deuda hipotecaria.

Señalada una vista por la Junta y pospuesta ésta a instancias del promovente la misma fué finalmente celebrada en 19 de octubre de 1949. Durante la vista Acosta Cancel ofreció el testimonio de varios testigos, así como fotografías de los edificios construídos y de los distintos accesos a éstos. La Junta declaró sin lugar la moción de reconsideración, haciendo constar en su resolución (1) que los alegados accesos de ambos solares a formarse hacia vías públicas no constituyen el acceso adecuado que contempla el artículo 32 del Reglamento de Lotificación (Revisado); (2) que las edificaciones construídas en ambos solares fueron levantadas con posterioridad al 4 de septiembre de 1944, cuando estaba ya vigente el Reglamento de Lotificación, siendo aplicables, por tanto, a la propuesta lotificación aquellas disposiciones de dicho reglamento que se refieren a la formación de solares y los requisitos mínimos a exigir para que se cumpla con la finalidad de la Ley núm. 213 de 1942, según ha sido subsiguientemente enmendada; y (3) que siendo la situación de hechos existentes en este caso una creada con posterioridad a la vigencia de la Ley núm. 213 de 1942 y al Reglamento de Lotificación, ambos cuerpos legales son de entera aplicación al presente caso.

Acudió entonces Acosta Cancel ante este Tribunal con la solicitud de revisión autorizada por el párrafo final del artículo 26 de la Ley 213 de 12 de mayo de 1942 ((1) pág. 1107), según fué enmendado por la núm. 429 de 23 de abril de 1946 ((1) págs. 1219, 1231). Sostiene que dicha Junta cometió error al declarar (1) que los accesos de ambos edificios no son adecuados; (2) que ambos edificios han sido construídos con posterioridad al.4 de septiembre de 1944; y (3) que la resolución de la Junta desaprobando la segregación del solar equivale a una confiscación de la propiedad sin un debido proceso de ley y sin indemnización.

■■ Por el artículo 26 de la Ley núm. 213 de 1942, según fué enmendado por la núm. 429 de 1946 se autoriza a cualquier parte directamente interesada en las denegaciones y desaprobaciones de la Junta de Planificación, contra la cual una petición de reconsideración ha sido solicitada dentro de un término de quince días y denegada por la Junta, a acudir a este Tribunal también dentro del término de quince días con una solicitud de revisión. Ese artículo dispone, sin embargo, "que dicha revisión . . . podrá concederse y se limitará exclusivamente a cuestiones de derecho."

Los dos primeros errores señalados no plantean cuestión alguna de derecho. Meramente se dirigen a la apreciación de la prueba. Desde luego, si la aquilatación que de la prueba hizo la Junta es arbitraria, ello constituiría un error de derecho. Empero, no habiendo sido elevada la prueba que la Junta tuvo ante sí al decidir el recurso, no estamos en condiciones de llegar a la conclusión de que la Junta aquilató esa prueba arbitrariamente ni, en su consecuencia, de resolver los errores así señalados.

■■ Por otra parte, la resolución de la Junta no confisca en forma alguna la propiedad del peticionario. Éste acudió ante la Junta en solicitud de una lotificación y ella, luego de oírle por escrito y verbalmente, denegó la petición. Si los edificios enclavados en los solares de cuya lotificación se trata fueron construídos con posterioridad al 4 de sep-

tiembre de 1944, la Ley núm. 213 de 1942, según ha sido enmendada, y el reglamento adoptado por ésta a tenor de lo provisto en la sección 10 de la misma, (²) el cual empezó a regir en la fecha indicada, eran claramente aplicables a la situación que ella tuvo ante sí. Véanse: *Rivera* v. *Registrador*, 64 D.P.R. 461; *Matos* v. *Junta de Planificación*, 66 D.P.R. 439; y *Fortunet* v. *Junta de Planificación*, 67 D.P.R. 265. No llenando los solares en cuanto a su tamaño, ni los edificios en cuanto a sus accesos, los requisitos mínimos exigidos por la Junta, ésta claramente tenía derecho a denegar la solicitud. En ello no ha habido confiscación de propiedad sin el debido proceso de ley.

*Debe confirmarse la resolución de la Junta.*

---

(²) El artículo 10 de la Ley núm. 213 de 1942 dispone en lo pertinente que "La Junta adoptará reglamentos que regirán la lotificación de terrenos en Puerto Rico." La enmienda introducida a ese artículo por la Ley núm. 475 de 15 de mayo de 1947 (pág. 1071) no altera en forma alguna la oración antes copiada.