JOAQUÍN FUERTES FERNÁNDEZ, recurrente *v.* JUNTA DE PLANIFICACIÓN DE PUERTO RICO, recurrida.

Número 33.
*Sometido:* 1 de febrero de 1954. *Resuelto:* 1 de junio de 1954.

*Rodríguez Ema & Rodríguez Ramón,* abogados del recurrente; *Rafael R. Fuertes Garzot* y *A. Sandín del Manzano,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

En 13 de noviembre de 1952, el recurrente presentó en la Junta de Planificación de Puerto Rico, una declaración de intención de lotificar un solar de 300.36 metros cuadrados, si-

tuado en Santurce, P. R., en la esquina de las calles Los Án-
geles y Machín, en el que están enclavadas dos casas, con el
propósito de formar dos solares distintos.   Según el recu-
rrente, en el referido solar de 300.36 metros, en el "fondo"
del mismo, construyó su dueño Ramón Fernández, allá por el
año 1923, una casa de madera, con frente a la calle Machín,
que en aquella época tenía el nombre de Victoria; que muerto
Fernández, su viuda contrajo matrimonio con el recurrente,
y éste, del año 1930 al 1931, edificó en dicho solar una casa
de concreto y garage, en la parte en que hacía esquina con las
calles Los Ángeles y Machín.   Alega dicho recurrente que
como resultado de ello, la casa de su propiedad, la que cons-
truyó, se encontraba en solar perteneciente en parte a su es-
posa, y en parte a las hijas de Ramón Fernández, y que en
el año 1946 "entró en un convenio con su esposa y las hijas
del primer matrimonio de ésta, mediante el cual la Sucesión
de Don Ramón Fernández López" le cedía la parte del solar
en donde está situada la casa construída por él; que "La
escritura mediante la cual fué llevado a efecto dicho convenio
no podía ser inscrita por haber sido otorgada con posteridad
al 4 de septiembre de 1944";[1] y que la lotificación fué so-
licitada para dividir en dos el solar de 300.36 metros, de ma-
nera que la casa del recurrente quede en un solar de 166
metros cuadrados, y la construída por Ramón Fernández, en
uno de 134.36 metros cuadrados con el propósito de "lega-
lizar la situación de hechos existente desde el año 1931, y po-
der liquidar la comunidad de bienes que se ha creado, en pri-
mer lugar, "con la muerte de Don Ramón Fernández, su ca-
samiento ( el del recurrente) con la viuda y, recientemente
con la muerte de ésta".

La Junta desaprobó la lotificación solicitada, actuación
que confirmó después de una vista en reconsideración, por los
siguientes motivos:

[1] En esa fecha entró en vigor el Reglamento de Lotificación adoptado
por la Junta en 16 de junio de 1944.

"Hecho un análisis de las cuestiones planteadas y considerada la prueba sometida, llegamos a las siguientes conclusiones de hecho y de derecho:

"1. Que los solares a formarse, en cuanto a área se refiere, están por debajo del mínimo requerido en el art. 51 del Reglamento de Lotificación.

"2. Que los patios a proveerse a las edificaciones existentes en dichos solares son inferiores a lo requerido en el art. 28 del Reglamento de Zonificación y así mismo las edificaciones indicadas ocupan un área mayor del 50 por ciento del área de cada solar, hecho contrario a lo dispuesto en el mencionado artículo.

"3. Que el recibo sometido correspondiente al año contributivo 1923–24 se refiere al pago efectuado de la contribución relativa al solar sometido para su lotificación indicándose la existencia de una sola casa o edificación en el referido solar.

"4. Que en la planilla de tasación sometida con respecto al solar sometido se hace constar la existencia para el año de dicha planilla de casa y garage.

"5. Que la propuesta lotificación tendería a la formación de solares no acordes con el carácter de la vecindad y a su vez eliminaría un solar que es acorde con el carácter de dicha vecindad.

"6. Que no ha quedado demostrada la existencia de dos edificaciones en el solar sometido con antelación al 4 de septiembre de 1944, y aún en la hipótesis de que esto hubiere sido probado, ello no implicaría la existencia de una segregación de hecho de los propuestos solares.

"7. Que ante la situación de hechos expuesta, tanto el Reglamento de Lotificación como el de Zonificación son de aplicación en el presente caso y esta Junta en consecuencia deberá cumplir con las finalidades para las cuales fué creada por Ley, aplicando dichos cuerpos de ley y reglamentarios."

■■■ En dicha vista declaró el recurrente, y presentó prueba documental. Testificó que en el solar de 300.36 metros están enclavadas dos casas, una, la construída por Ramón Fernández en el año 1923, y la otra, la edificada por él "en el 1930 al 31", que la parte del referido solar, ocupada por ésta última, le ha sido cedida en virtud del convenio de

1946, ya mencionado; que desde 1931 a 1932, ha pagado las contribuciones sobre dicha casa; que las dos tienen números distintos.

La prueba documental consistió: (*a*) de copia certificada de la escritura de acuerdo con la cual Ramón Fernández compró el solar de 300.36 metros cuadrados, constando en dicha escritura que fué adquirido en el año 1921, y que "procede de una finca destinada a solares, de la cual se han hecho varias segregaciones"; (²) (*b*) de un recibo expedido por el Departamento de Hacienda a nombre de Ramón Fernández en 9 de agosto de 1949, acreditando el pago de la contribución sobre la propiedad, correspondiente al primer semestre de julio a diciembre 31 de 1949, sobre un solar de *300.36 metros cuadrados*, y *una casa, valorada en $500*, recibo en el que se hace referencia a la planilla número 3291 de 1923–1924; (*c*) copia certificada de la planilla para los efectos de la contribución sobre la propiedad, año 1931–1932, jurada por el recurrente y presentada al Departamento de Hacienda. La casa a que se hace referencia en dicha planilla es una de concreto con su garage, y aparece valorada en *$2,100*, haciéndose constar que *está enclavada en solar de Ramón Fernández, solar no incluído en la planilla*. Las colindancias de la casa, según dicho documento, son: norte, calle Victoria; sur, Ramón Fernández; este, Ramón Fernández; oeste, calle Ángeles. La calle Victoria, como se ha dicho, se llama hoy calle Machín. A esa planilla se refirió el recurrente al declarar que sobre la casa construída por él había estado pagando contribución desde 1931 al 1932.

La Junta, como se habrá visto, consideró que no se había demostrado "la existencia de dos edificaciones en el solar sometido con antelación al 4 de septiembre de 1944, y aun en

---

(²) Sostiene el recurrente que la sección en que está el solar de 300.36 metros "era conocida por la urbanización de los Hijos de Bolívar y se urbanizó allá para el año 1921, para cuya época fué lotificada y fueron vendidos los solares que la componían, siendo el solar sobre la cual ubica la casa del peticionario, uno de aquellos".

la hipótesis de que éste hubiera sido probado, ello no implicaría la existencia de una segregación de hecho de los propuestos solares".

No puede haber la menor duda en cuanto a que en la actualidad existen dos edificaciones en el solar de 300.36 metros. Así lo declaró el recurrente, y así aparece del informe que consta en autos, del "Técnico Inspector" de la Junta. Según dicho informe, *en el referido solar hay una estructura de madera y otra de hormigón.* La cuestión es si esas dos edificaciones datan de fecha anterior al 4 de setiembre de 1944. El recurrente, como hemos indicado, declaró que sí, y la prueba documental que presentara, corrobora su afirmación. La evidencia del recurrente no fué controvertida en forma alguna, y a nuestro juicio claramente demuestra que para el año 1923–24 en el solar existía la casa que fué valorada en $500, y que para el año 1931–1932 estaba construída la otra casa, la de concreto, perteneciente al recurrente.

La Junta erró al llegar a una conclusión contraria. El poder de este Tribunal para revisar actuaciones de dicho organismo está limitado a la revisión de errores de derecho. De ese carácter es aquel en que incurre la Junta si aquilata la prueba arbitrariamente, *Acosta* v. *Junta de Planificación*, 71 D.P.R. 578 y 581. Estamos convencidos que fué de tal naturaleza el error en que incurrió al llegar a la conclusión en el caso de autos de que no se había establecido por el recurrente que en el solar de 300.36 metros existieran dos casas, con anterioridad al 4 de septiembre de 1944.

■ Demostrado, como lo fué, que en dicho solar se encuentran enclavadas dos edificaciones, construídas años antes de la mencionada fecha, consideramos que son de aplicación los casos de *Fortunet* v. *Junta de Planificación*, 67 D.P.R. 265 y *Acosta* v. *Junta de Planificación*, supra.

Es cierto "Que los solares a formarse, en cuanto a área se refiere, están por debajo del mínimo requerido en el artículo 51 del Reglamento de Lotificación", según dice la Junta, toda vez que ese artículo dispone que los solares para residen-

cias tendrán no menos de trescientos metros cuadrados, y los solares segregados tendrían, como hemos visto, 166 y 134.36 metros cuadrados respectivamente; también puede aceptarse que "los patios a proveerse a las edificaciones existentes en dichos solares son inferiores a lo requerido en el artículo 28 del Reglamento de Zonificación y así mismo las edificaciones indicadas ocupan un área mayor del 50 por ciento del área de cada solar, hecho contrario a lo dispuesto en el mencionado artículo", pero esa situación es una que de hecho ha existido desde antes de aprobarse la ley creando la Junta de Planificación, y no es consecuencia de la segregación llevada a efecto por el convenio de 1946, a que se refiere el recurrente. Esa situación no puede ser variada. Aparece del informe del "Técnico Inspector" de la Junta que no es posible aumentar el área del solar. Ciertamente que tampoco puede dársele mayor amplitud a los patios de los solares segregados, situación, repetimos, que data desde mucho antes de que se organizara la Junta. Considerando ese estado de hecho, no vemos que perjuicio ha de sufrir el bienestar público por la sola circunstancia de que el recurrente legalice la situación existente, inscribiendo a su nombre en el Registro de la Propiedad la casa construída por él desde el año 1930 al 1931, así como el solar de 166 metros en que enclava. Consta en el informe del "Técnico Inspector" que la finca tiene calle afirmada con rodaje de siete metros y encintado; agua, alumbrado eléctrico, alcantarillado, aceras y buenas condiciones de salubridad.

En vista de las circunstancias que concurren en el caso de autos, en el que "no se trata de obtener la aprobación de una urbanización en proyecto, con nuevas edificaciones, sino de legalizar una situación existente hace más de veinte años," *Fortunet* v. *Junta de Planificación*, supra, somos de opinión que la Junta erró al no darle aplicación al art. 79, antes 51, del Reglamento de Lotificación.

*Debe anularse la resolución recurrida y devolverse el caso para ulteriores procedimientos.*