JORGE N. BETANCOURT, demandante y apelante, *v.* U. S. FI-
DELITY & GUARANTY CO., y ROBERTO VILLAFAÑE, también
conocido como ROBERTO VIZCARRONDO, demandados y
apelados.

Número 10966.

*Sometido:* 2 de noviembre de 1953. *Resuelto:* 6 de septiembre de 1955.

*Nicolás Torres Marrero* y *Juan F. Ramírez Albite,* abogados del
apelante; *Juan Enrique Géigel,* abogado de los apelados.

*PER CURIAM:* Se presentó demanda enmendada contra
U. S. Fidelity & Guaranty Co., y Roberto Villafañe, igual-
mente conocido por Roberto Vizcarrondo, para recobrar in-
demnización por concepto de daños y perjuicios y en ella se
alegó en síntesis, que un automóvil de Roberto Villafañe, ase-
gurado con la compañía codemandada y conducido por Miguel
Cestari—a quien en los autos también se menciona bajo el

nombre de Miguel Chestary Carrión—"que a la sazón actuaba como agente del codemandado y dentro de las atribuciones de agente del Sr. Villafañe" chocó negligentemente con un vehículo de motor de la pertenencia del actor ocasionándole a éste contusiones, golpes y otros daños. Contestada la demanda se procedió a la vista del litigio. El demandante ofreció como evidencia copia de ciertas cláusulas del contrato de seguro entre los demandados y dicha evidencia fué admitida con la anuencia de éstos.(1) Al terminar su prueba el demandante, con excepción del testimonio de un médico,(2) presentaron los demandados una moción de *nonsuit* pidiendo la desestimación de la demanda por la razón de que aún dándole crédito a dicha evidencia, ésta sólo demostraría que el automóvil lo había prestado Villafañe a Miguel Cestari para que llevara unos niños del primero a la escuela, lo que en modo alguno probaría "la agencia que es necesario establecer de acuerdo con lo que dispone el art. 1803 del Código Civil de Puerto Rico, según la enmienda adoptada en el año 1943", contención que basó en lo resuelto en *Díaz* v. *Iturregui*, 72 D.P.R. 200. El tribunal sentenciador finalmente declaró con lugar la moción de *nonsuit* y dictó sentencia desestimando la demanda. Apeló el demandante, señalando como único error esa actuación del tribunal.

Al resolver la moción de *nonsuit* la corte a quo expuso entre otras cosas, que "La prueba que el demandante ha presentado en este caso demuestra que Miguel Chestary Carrión conducía el automóvil del demandado Roberto Villafañe, por

---

(1) La cláusula tercera reza, en lo pertinente, así: "Con respecto al seguro por responsabilidad por daños personales y por responsabilidad por daños a la propiedad . . . la palabra "Asegurado" incluye al Asegurado Mencionado y también incluye a cualquier persona mientras use el automóvil y a cualquier persona u organización legalmente responsable por el uso del mismo, siempre que el automóvil sea usado por el Asegurado Mencionado o con su permiso. El seguro con respecto a cualquier persona u organización distinta al Asegurado Mencionado no es de aplicación . . . .". (Traducción nuestra.)

(2) Se consideró que el testimonio del médico carecía de importancia para los efectos de la moción de *nonsuit*.

instrucciones de éste, para llevar a los hijos de Villafañe a la escuela", añadiendo que, "Siendo Chestary Carrión un discípulo del demandado Villafañe y no existiendo entre ellos contrato alguno de trabajo, a virtud del cual estuviese Chestary Carrión operando el automóvil de Villafañe en el momento del accidente, resulta definitivamente claro que, según lo decidido por el Tribunal Supremo en el caso de *Díaz* v. *Iturregui*, supra, Villafañe no tiene responsabilidad civil alguna por los daños causados por Miguel Chestary Carrión en la operación del vehículo de Villafañe".

En nuestra opinión la sentencia debe ser confirmada en cuanto se refiere a Roberto Villafañe por razón de nuestra decisión en *Díaz* v. *Iturregui,* supra, y revocada con respecto a la U. S. Fidelity & Guaranty Co.

██ Una vez que el apelante presentó como prueba copia de las cláusulas del contrato de seguro con el consentimiento, como hemos dicho, de los demandados, entre ellas la cláusula de seguro colectivo (*Omnibus Clause*), traducida en el escolio 1, quedó enmendada la demanda de acuerdo con las disposiciones de la Regla 15 (*b*) de las de Enjuiciamiento Civil, *Arcelay* v. *Sánchez*, 77 D.P.R. 824, ([3]) e incluída en el litigio la cuestión—con la que nada tiene que ver lo decidido en el caso de Iturregui—relativa a la responsabilidad subsidiaria de U. S. Fidelity & Guaranty Co., bajo los términos de la citada cláusula, por los actos imputados directamente a Miguel Chestary Carrión, el que, según lo dicho por la Sala de instancia, conducía el vehículo de Villafañe con el permiso de éste. ([4])

---

([3]) No hay necesidad de considerar las mociones que presentó el apelante después del juicio, pero antes de haberse declarado con lugar la moción de *nonsuit,* pidiendo la autorización para conformar las alegaciones a la prueba. La demanda quedó enmendada, como decimos en la opinión, desde el momento en que se admitió como prueba, con la anuencia de los demandados, la copia de las cláusulas del contrato de seguro existente entre ellos.

([4]) Por la Ley núm. 60 de 17 de abril de 1952 ((1) pág. 129) se enmendó la sec. 175 de la ley conocida por Ley de Seguros de Puerto Rico, y desde entonces dicha sección ha estado redactada así:—"Será ilegal toda cláusula en un contrato de seguro que impida al asegurado el derecho de reclamar

*La sentencia apelada será confirmada en cuanto a Roberto Villafañe y revocada en cuanto a U. S. Fidelity & Guaranty Co., y se devolverá el caso al tribunal a quo para ulteriores procedimientos no inconsistentes con esta opinión.*

JUAN E. SOLTERO PERALTA, demandante y apelante, *v.*
SECRETARIO DE HACIENDA, demandado y apelado.

Número 11106.

*Sometido:* 2 de julio de 1954. *Resuelto:* 7 de septiembre de 1955.

en los tribunales de justicia, en cualquier momento después de ocurrido el accidente, contra el cual se hizo el seguro, el importe de cualquier pérdida sufrida y que hubiere sido objeto de dicho seguro. Cuando el causante de los daños estuviere asegurado contra el accidente que produjo la pérdida o los daños y en el caso en que una póliza de seguro se hubiere expedido para beneficiar a un tercero, la acción para reclamar la indemnización que pro-

---

ceda, podrá presentarse contra la compañía aseguradora únicamente o conjuntamente contra el asegurado y la compañía aseguradora. El tribunal determinará no sólo la responsabilidad de la compañía, sino también el alcance de la pérdida". Las disposiciones de dicha sección, así enmendada, son aplicables al caso de autos, *Pérez* v. *Maryland Casualty Co.*, ante pág. 475 (1955.)