FERNANDO SIERRA BERDECÍA, ETC. querellante y recurrente, *v.* RAFAEL VÉLEZ, querellado y recurrido.

*Número:* 54     *Resuelto:* 23 de noviembre de 1962

---

Manuel Janer Mendía e Ismael Cardona, abogados del peticionario y recurrente. El recurrido no compareció.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

En 10 de diciembre de 1958 el peticionario, Secretario del Trabajo, radicó una querella en representación y para beneficio de Luis Fraticelli Negroni, contra Rafael Vélez, en el Tribunal de Distrito, Sala de Yauco, al amparo de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. sec. 245 et seq., de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. secs. 271–288, y de los Decretos Mandatorios Núm. 8 y Núm. 42, 29 R.&.R.P.R. secs. 245n–131 a 141 y 245n 641 a 645, y acogiéndose al procedimiento establecido por la Ley Núm. 10 de 14 de noviembre de 1917, 32 L.P.R.A. secs. 3101 et seq. Alegó que querellante era un empleado de limpieza en el colmado del demandado desde el 1ro. de enero de 1951 hasta el 15 de agosto de 1957, devengando un salario semanal

de $5.00. Se alegó, además, que el querellante había acumulado vacaciones no disfrutadas y por las cuales no se le había compensado, adeudándosele por este concepto la suma de $763.64. En adición, se reclamaron $156.43 por concepto de diferencias en salarios por el período comprendido entre el 15 de agosto de 1955 y el 15 de agosto de 1957. El querellado contestó la demanda alegando esencialmente que Fraticelli nunca había sido empleado suyo sino que era un empleado ocasional, lo que se conoce como un "chiripero", dedicándose a hacer la limpieza de varios locales comerciales en el sitio La Trocha de Yauco.

El Tribunal de Distrito dictó sentencia a favor del querellante en 3 de noviembre de 1959, luego de escuchar la prueba testifical ofrecida por cada una de las partes. Se concedió al querellante la suma de $920.07 (763.64 por vacaciones y $156.43 por diferencia de salarios) más una cantidad igual por concepto de penalidad, haciendo un gran total de $1,840.14.

El demandado apeló de la sentencia para ante el Tribunal Superior, Sala de Ponce, y en 16 de mayo de 1960, éste confirmó dicha sentencia. Posteriormente, se dejó sin efecto esta sentencia confirmatoria, pues el apelante había solicitado una vista oral y no se le había concedido. La vista oral en apelación se celebró en 22 de julio de 1960 ante otro juez y en esta ocasión se revocó la sentencia del Tribunal de Distrito de Yauco por el fundamento de que las conclusiones a que llegó el Juez de Distrito no tenían apoyo en la prueba que desfiló ante él. Este Tribunal expidió auto de certiorari para revisar las antedichas actuaciones.

El peticionario señala la comisión de tres errores de parte del Tribunal Superior: (1) concluir que las determinaciones de hecho del Tribunal de Distrito no tenían apoyo en la evidencia que desfiló en el juicio; (2) resolver que el Tribunal de Distrito no tenía jurisdicción o autoridad para permitir enmiendas a la querella durante el desfile de la prueba; y (3) concluir que dicho tribunal no había tenido ante sí evidencia

para sostener que el obrero beneficiario de la acción tenía derecho a vacaciones. ■

"El certiorari para revisar las decisiones de las cortes inferiores en estos casos de reclamación de salarios, en los cuales ya se ha agotado el recurso apelativo concedido por la Ley Núm. 10 de 1917, [hoy derogada por la Ley Núm. 2 de 1961 (32 L.P.R.A. secs. 3118–3132)], no es con el fin de que esta Corte Suprema resuelva si dichas cortes erraron al apreciar la prueba, sino más bien, si, como cuestión de derecho, la prueba justifica o no la conclusión a que puedan haber llegado o si, habiendo una ausencia de prueba, puede sostenerse legalmente dicha conclusión", dijimos en *García* v. *Corte*, 69 D.P.R. 152 (1948). ■

Existe una gran incongruencia en el caso de autos entre lo alegado en la querella y la prueba que desfiló en corte y entre dicha prueba y las conclusiones del Juez de Distrito. La Regla 13.2 de las Reglas de Procedimiento Civil de 1958 dispone que "Cuando con el consentimiento expreso o implícito de las partes se sometan a juicio cuestiones no suscitadas en las alegaciones, aquellas se considerarán a todos los efectos como si se hubieran suscitado en las alegaciones. La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia a los efectos de que las alegaciones reflejen las cuestiones suscitadas, podrá hacerse a moción de cualquiera de las partes en cualquier momento, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones. Si se objetare a la evidencia en el juicio por el fundamento de ser ajenas a las cuestiones suscitadas en las alegaciones, el Tribunal podrá permitir las enmiendas y deberá hacerlo liberalmente, siempre que con ello se facilite la presentación del caso y la parte que se oponga no demuestre a satisfacción del Tribunal que la admisión de tal prueba perjudicaría su reclamación o defensa. . ." Las Reglas de Procedimiento Civil se hacen aplicables en todo aquello no incom-

patible, a los casos de reclamaciones por servicios prestados traídos bajo el procedimiento sumario que establecía la Ley Núm. 10 de 1917 y hoy establece la Ley Núm. 2 de 1961. Véanse 32 L.P.R.A. secs. 3102 y 3120; *Andino* v. *Fajardo Sugar Co.*, 82 D.P.R. 85, 91 (1961). ■

En el presente caso se alegó en la querella que el querellante era empleado de limpieza del demandado. Sin embargo se admitió prueba, objetada reiteradamente por el demandado, en el sentido de que el querellante se dedicaba a otras actividades en su calidad de empleado del querellado. A pesar de que en los casos en que se ha considerado enmendada la demanda para conformarla a la prueba que desfila en el pleito se condiciona dicha enmienda a que la prueba ajena a la demanda haya sido admitida sin oposición de la parte contra quien se ofrece, —*Doyle* v. *Polypane Packaging Co.*, 80 D.P.R. 224 (1958); *Betancourt* v. *U. S. Fidelity & Guaranty Co.*, 78 D.P.R. 650 (1955); *Arvelo* v. *Román*, 65 D.P.R. 743 (1946), —no obstante, dicha demanda podría considerarse enmendada si la parte demandada, al oponerse, no demuestra a satisfacción del tribunal que la admisión de tal prueba, perjudicaría su defensa. De la Relación del Caso para Apelación preparada por el Juez de Distrito sólo aparece que las objeciones fueron declaradas sin lugar y que se admitió la prueba en cuestión. El récord no indica que el recurrido demostrara a satisfacción del tribunal que la admisión de tal prueba y la consiguiente enmienda perjudicaba su defensa. ■

Concluye luego el Juez de Distrito, que el obrero era empleado de limpieza y como tal con derecho a paga por vacaciones. Considerando exclusivamente la prueba que desfiló ante el Tribunal de Distrito, no encontramos apoyo en la misma para sostener tal conclusión de que Fraticelli era empleado de limpieza. En la página 2 de la Relación del Caso para Apelación aparece el obrero querellante declarando que "fue empleado de almacén y que nunca fué empleado como barrendero." Y en la página 3, el mismo querellante testifica en el

contrainterrogatorio: "Que en la limpieza podía echar como de ½ hora y 1 hora al día". Según la sección 644 del Decreto Mandatorio Núm. 42 (29 R. & R. P.R. sec. 245n–644) se define "empleado de limpieza" como "todo empleado que trabaje exclusiva o principalmente. . . en la limpieza del local."

El resto de la prueba sobre este punto fué altamente contradictoria. El obrero querellante presentó como testigos adicionales a un cuñado suyo llamado Juan Llaurador Pacheco y a otra persona llamada José Francisco Lugo. Ambos declararon asegurando la variedad de las ocupaciones de Fraticelli como empleado del querellado para contrarrestar la contención de éste de que el querellante era un "chiripero". Por otra parte, la prueba del querellado, en modo alguno tendió a demostrar que Fraticelli era un "empleado de limpieza", sino que, por el contrario, se dirigió a establecer que *nunca* fué empleado del querellado. Por lo tanto, no cometió error el Tribunal Superior de Ponce al concluir que las conclusiones de hecho del Tribunal de Distrito de Yauco, no tenían apoyo en la prueba. ■

Los tribunales de apelación, a la luz de la Regla 43.1 de Procedimiento Civil, generalmente deben respetar las determinaciones de hecho de los tribunales de primera instancia. Sin embargo, la misma regla dispone y la jurisprudencia está de acuerdo que cuando se ha cometido un claro y manifiesto error por parte del tribunal apelado, sus determinaciones de hecho pueden alterarse en apelación. *Sanabria* v. *Sucn. González*, 82 D.P.R. 885 (1961); *Palmer* v. *Barreras*, 73 D.P.R. 278 (1952); *Acosta* v. *Junta de Planificación*, 71 D.P.R. 578 (1950); *Sucn. Ortiz* v. *Ramírez*, 68 D.P.R. 498 (1948); *Laboy* v. *Corp. Azucarera Saurí y Subirá*, 65 D.P.R. 422 (1945); *Calderón* v. *Cacho*, 62 D.P.R. 620 (1943); Cf. *Villaronga, Comisionado* v. *Tribunal de Distrito*, 74 D.P.R. 331 (1953). ■

Es doctrina aceptada que en casos de reclamación de salarios el "empleado cumple con el requisito de ley que le im-

pone el peso de la prueba si demuestra que en realidad ha realizado trabajo por el cual no ha sido compensado debidamente y si aduce suficiente evidencia que demuestra la cuantía y extensión de ese trabajo como inferencia justa y razonable." Así se expresó este Tribunal en *Sierra* v. *Eastern Sugar Associates*, 71 D.P.R. 888 (1950), citando lo dicho en *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. (1946).

Sin embargo, lo que ha ocurrido en este caso es que el Tribunal de Distrito cometió el error en su relación del caso de no conformar las alegaciones a la prueba, al extremo de fijar, como cuantía de diferencia de salario lo que correspondía a vacaciones y condenó al recurrido a pagar por concepto de vacaciones la cuantía que correspondía a la diferencia de salario. Además, no tan sólo dejó de precisar la base para el cálculo de las vacaciones, sino que la determinación de la diferencia de salarios no se hizo sobre la base del salario que corresponde a empleados que no son mensajeros o empleados de limpieza, de acuerdo con el Decreto Mandatorio Núm. 8 aplicable al comercio al por menor, habiendo la prueba demostrado que Fraticelli no era mensajero ni empleado de limpieza.

Si bien es cierto que las determinaciones del Tribunal de Distrito no tienen apoyo en la prueba y en ese sentido no se ha cometido el primer error señalado, no es menos cierto que se ha demostrado que Fraticelli ha realizado trabajo por el cual no ha sido compensado debidamente. En ese sentido se han cometido los dos errores subsiguientes pues, como ya hemos demostrado, el tribunal tenía autoridad bajo la referida Regla 13.2 para admitir la prueba ajena a las alegaciones y conformar éstas a aquélla que es lo que de hecho resultó, y además, se presentó prueba de que durante el período de trabajo alegado Fraticelli no disfrutó de vacaciones.

Procede pues, señalar las bases sobre las cuales debe calcularse la reclamación. Pero antes, creemos necesario discutir brevemente la solicitud del querellado ante el Tribunal de

Distrito, de que se desestimara la querella porque ésta había sido fraccionada con motivo de una sentencia declaratoria anterior que envuelve los mismos hechos, surgiendo por consiguiente, la defensa de cosa juzgada. ■

La doctrina de impedimento colateral impide relitigar en un pleito posterior entre las mismas partes aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron en la acción anterior. *Pereira* v. *Hernández*, 83 D.P.R. 160 (1961); *Cruz* v. *Ortiz*, 82 D.P.R. 834 (1961); *Tartak* v. *Tribunal de Distrito*, 74 D.P.R. 862 (1953); *Fuentes* v. *Tribunal de Distrito*, 73 D.P.R. 959 (1952); *Long Corporation* v. *Tribunal de Distrito*, 72 D.P.R. 788 (1952); *Restatement, Judgments*, sec. 68; Scott, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1 (1942); 65 Harv. L. Rev. 840 (1952). Por disposición de la sección 1 de la Ley de Sentencias Declaratorias (32 LPRA sec. 2991) dichas sentencias tendrán la eficacia y vigor de las sentencias o resoluciones definitivas. En *Colón* v. *San Patricio Corporation*, 81 D.P.R. 242 (1959), se dijo a la página 272: "Sin embargo, el efecto de una sentencia declaratoria respecto a controversias subsiguientes entre las partes, por vía de impedimento (*bar*) o de fusión (*merger*), depende del alcance de la declaración de derechos que se hace en la sentencia declaratoria. Una sentencia declaratoria no es concluyente en cuanto a cuestiones de derechos que pudieron haber sido adjudicados pero que de hecho no fueron objeto de una declaración en la referida sentencia." Y en el mismo caso se dijo en el escolio 7: "Adviértase que la doctrina de *res judicata* en cuanto a sentencias declaratorias opera en forma análoga a la doctrina del impedimento colateral en casos ordinarios. . ." ■

En la sentencia declaratoria dictada en el pleito entre Fraticelli y Vélez en 2 de mayo de 1958 quedó establecido que aquél era empleado de este último y por lo tanto en cuanto a este punto, aplica la doctrina de cosa juzgada. Luego de esta

sentencia, quedó libre el obrero para traer una acción reclamando paga por vacaciones y salarios dejados de pagar. Precisamente, la sentencia declaratoria le sirve de base para obtener la reclamación correspondiente. Al traerla, no estaría el obrero fraccionando su causa de acción como alegó el querellado en el Tribunal de Distrito, citando el caso de *Avellanet* v. *Porto Rican Express Co.*, 64 D.P.R. 693 (1945). Este caso no es aplicable a base de lo ya discutido sobre las doctrinas de *res judicata* e impedimento colateral.

Procede, por lo tanto, la reclamación del peticionario modificada en los siguientes aspectos:

(1) La diferencia de salarios debe calcularse sobre la base de la jornada ordinaria de trabajo ya que el peticionario no presentó prueba detallada y precisa de horas extras trabajadas. Todo lo que aparece del récord es una manifestación de Fraticelli en contrainterrogatorio, más o menos vaga, de que trabajó los domingos y los 25 días de fiesta al año y algunas horas de la noche cuando se necesitaba empleado para "desalijar" el almacén sin precisar los años, los días y las horas trabajadas en exceso de la jornada ordinaria. *Sucn. Meléndez* v. *Central San Vicente*, 86 D.P.R. 398 (1962); *Lebrón* v. *P. R. Lt., & P. Co.*, 78 D.P.R. 683 (1955). El salario adeudado en este caso consiste pues, de la diferencia entre el salario fijado en el Decreto Mandatorio Núm. 8 de $16.50 por semana, menos:

a) el salario semanal pagado de $5.00

b) La diferencia de salario de seis meses de 1952 durante los cuales Fraticelli se fué a y estuvo en Ponce y, por lo tanto, no trabajó para Vélez. ■

(2) La diferencia de salario por el año 1951 estaría prescrita por haber Fraticelli cesado en su empleo con Vélez durante el 1952 al ausentarse sin explicación, cfr. *Rodríguez* v. *Eastern Sugar*, 82 D.P.R. 580, 587–588 (1961); *Agostini* v. *Tribunal Superior*, 82 D.P.R. 219 (1961); *Valiente y Cía.* v. *Corte*, 68 D.P.R. 529 (1948); *Jiménez* v. *Corte*,

65 D.P.R. 37 (1945); pero tal defensa no se adujo a tiempo por el recurrido y, por lo tanto, se tendrá por renunciada. Regla 10.8 de las de Procedimiento Civil de 1958; *Peña* v. *Eastern Sugar Associates*, 75 D.P.R. 304 (1953) (en reconsideración); *Hernández* v. *Caraballo*, 74 D.P.R. 29 (1952); *Fornaris* v. *Font*, 44 D.P.R. 602 (1933). ■

(3) Las comidas y hospedaje que Vélez calculó en 65¢ diarios no se pueden adicionar como compensación y así reducir la diferencia de salario en cuestión, pues tal forma de compensación es nula y no puede computarse como parte del salario. Véanse 29 L.P.R.A. sec. 173; Artículo 10(a) Decreto Mandatorio Núm. 8, 29 R.&R.P.R. sec. 245n–140; *Torres* v. *Perea*, 66 D.P.R. 171 (1946).

(4) La prueba indicaba que Fraticelli trabajó en la recogida de café en una finca del demandado durante las cosechas de los años cubiertos por la reclamación pero no se demostró qué períodos de tiempo de cada año se dedicaron a esta labor ni el peticionario interpuso alegación alguna sobre el particular que nos permita sentar base alguna para un reajuste de diferencia de salario en tal sentido.

(5) Las vacaciones no concedidas y no pagadas que se reclaman deben calcularse según lo dispone el Decreto Mandatorio Núm. 8, o sea, a razón de 1¼ día laborable por cada mes en que haya tenido por lo menos 120 horas de labor el reclamante, debiéndose pagar además dos veces el sueldo correspondiente por el período en exceso de los primeros dos años. 29 R.&R.P.R. sec. 245n–138.

*Revocamos, por lo tanto, la sentencia del Tribunal Superior, Sala de Ponce, en este caso que a su vez revocó la del Tribunal de Distrito, Sala de Yauco, y se devuelve el caso para ulteriores procedimientos no inconsistentes con esta opinión.*